THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY C. VINCENT, Defendant-Appellant.

(No. 11745;

Fourth District—October 4, 1972.

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant Johnny C. Vincent was indicted and charged with forgery of a check for $200 on February 28, 1969. On April 25, 1969, defendant withdrew his plea of not guilty and plead guilty to the charge. Judgment was entered on the plea and defendant was sentenced to 2 to 5 years in the State penitentiary on May 5, 1969. Defendant filed *pro se* a "Petition for Writ of Habeas Corpus and Motion to Vacate Sentence" alleging that his plea was coerced. After appointing counsel for defendant, the court denied a motion to treat the petition as a post-conviction petition and dismissed it as a *habeas corpus* petition on November 19, 1969. On December 16, 1969, notice of appeal from this order was filed by defendant *pro se*. No action appears to have been taken on this appeal. On August 10, 1970, defendant filed *pro se* a post-conviction petition. Counsel was appointed and filed an amended petition alleging the deprivation of certain constitutional rights as follows: (a) defendant was arrested without a warrant; (b) defendant was not informed of his rights at the time of his arrest; (c) defendant was denied his right to consult with an attorney and to communicate with his family while he was incarcerated in the county jail; (d) defendant was induced to waive his right to jury trial and to enter a plea of guilty on the express representation he would receive probation, and he was sentenced to 2 to 5 years in the State penitentiary; and, (e) defendant was arrested on February 28, 1969, and remained in the custody of the sheriff of Douglas County until May 5, 1969, a period of more than 60 days thereby denying his rights under the Sixth Amendment of the United States Constitution and section 9 of article II of the Illinois Constitution. The Illinois Defender Project was appointed counsel on the appeal from this order.

Appellant-defense counsel has filed a brief pursuant to the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that a review of the case would be frivolous in the absence of a justiciable issue and seeks leave to withdraw. We continued the motion for a period of 60 days during which the defendant was given leave to file additional points and authorities. None have been filed.

■■ The motion to withdraw discusses the issue of whether or not the

trial court erred in dismissing defendant's post-conviction petition after an evidentiary hearing. As suggested by the brief, the judge in the trial court properly disposed of the petition. Our Supreme Court has held that the credibility and weight to be given testimony at an evidentiary hearing is to be determined by the trial judge and that determination is not to be questioned unless it is manifestly erroneous. *People v. Watson* (1972), 50 Ill.2d 234, 278 N.E.2d 79.

■■ We have examined the record and concur in the view of appointed counsel that further review of this case would be frivolous. The motion of counsel to withdraw should be, and the same is, allowed and the judgment of the circuit court of Douglas County is affirmed.

Judgment affirmed.

SMITH and SIMKINS, JJ., concur.