(No. 40839.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES SMITH, Appellant.

*Opinion filed January 28, 1970.*

WARD, J., took no part.

STEPHEN A. SCHILLER, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and ANTHONY MONTEMURRO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CULBERTSON delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, defendant was found guilty of the crime of. taking indecent liberties with a child. On October 27, 1961, he was sentenced to serve not less than 5 nor more than 15 years in the penitentiary. On appeal from the conviction to the appellate court, defendant's conviction was reversed and the cause was remanded to the circuit court for a new trial. (55 Ill. App. 2d 480.) The second trial, pursuant to the remand and on the same indictment, which was before a jury, also

resulted in a judgment of conviction, and, on July 26, 1965, defendant was sentenced to the penitentiary for a term of not less than 15 nor more than 20 years. On appeal from the second conviction, the appellate court affirmed. (90 Ill. App. 2d 310.) We denied defendant's petition for leave to appeal from the determination of the appellate court, and petition for a writ of *certiorari* to that court is presently pending in the United States Supreme Court.

On February 3, 1966, defendant filed, *pro se,* a petition under the Post-Conviction Hearing Act contending that he was denied a fair trial when the court permitted his testimony to be impeached by evidence of his conviction of prior infamous crimes. The public defender was appointed to represent the defendant on his petition which on motion of the State was dismissed for want of a constitutional question. As required by our former Rule 27—1(2) (Ill. Rev. Stat. 1965, ch. 110, par. 101.27—1(2)), the clerk of the circuit court on June 1, 1966, mailed to the defendant at the penitentiary in Menard, Illinois, a notice of the dismissal of his post-conviction petition. This notice was returned to the clerk marked "Discharge [sic] by Reversal and Remand: 4/27/65, no longer at the Menard Institution", and it does not appear that defendant ever in fact received this notice.

On December 13, 1966, defendant filed another *pro se* petition under the Post-Conviction Hearing Act, contending that he was deprived of his constitutional rights in that he was refused counsel after he was arrested although he requested same and was held for more than 60 hours after his arrest before being taken before a magistrate. The public defender was again appointed to represent the defendant in connection with his post-conviction petition and on motion of the State same was dismissed. Subsequent to the hearing on the State's motion, defendant filed, again *pro se,* a handwritten document denominated "Motion of the Petitioner to Strike People's Motion to Dismiss" attempting to argue

the legal issues theretofore raised by the State's motion to dismiss, and alleging as an additional contention that the increase of his original sentence following his second trial from a minimum of 5 to a minimum of 15 years in the penitentiary amounted to a deprivation of his constitutional right to due process of law. From the order of dismissal defendant has perfected an appeal to this court, and since there was no showing that defendant had ever received notice of the dismissal of his prior post-conviction petition, we have allowed his petition for leave to appeal from that order of dismissal. Both appeals have been consolidated for determination on direct appeal to this court. See our Rule 651a, 43 Ill.2d.

With regard to the first post-conviction petition (P.C. 1428), we note that the only contention set forth therein is that defendant was denied his constitutional rights when the court permitted the State to impeach his testimony by bringing out before the jury convictions of prior crimes. This matter has been adequately treated by the appellate court on the appeal from defendant's second conviction. 90 Ill. App. 2d 310.

In his second post-conviction petition (P.C. 1501), which, like the original petition, was absolutely unsupported by records in the case or affidavits, defendant contended that he was denied counsel after his arrest although he requested same and that he was not taken before a magistrate for some 60 hours after his arrest. We have consistently held that a petition under the Post-Conviction Hearing Act must make a substantial showing of a deprivation of constitutional rights and that mere conclusional allegations are wholly inadequate. (*People* v. *Orndoff*, 39 Ill.2d 96; *People* v. *Knight*, 38 Ill.2d 373.) More importantly, however, the contentions raised in defendant's second post-conviction petition, even if they had been adequately supported, were not of constitutional magnitude and thus are not cognizable under the Post-Conviction Hearing Act. (See *People*

v. *Diefenbaugh,* 40 Ill.2d 73.) His first allegation relates to the doctrine set forth by the United States Supreme Court in *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, which is inapplicable to criminal actions commenced prior to June 22, 1964, as is the case here. (*Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772.) Moreover, even if *Escobedo* were applicable here, that case deals with the admissibility of in-custody confessions and there is nothing in this case indicating that defendant ever confessed to the charge brought against him. The same may be said as to defendant's second contention. The *McNabb-Mallory* rule (*McNabb* v. *United States,* 318 U.S. 332, 87 L. Ed. 819, 63 S. Ct. 608; *Mallory* v. *United States,* 354 U.S. 449, 1 L. Ed. 2d 1479, 77 S. Ct. 1350), is of no moment here as we are not involved with the admissibility of a confession and there is no showing that any prejudice has resulted from any delay in bringing defendant before a magistrate.

While the foregoing discussion would adequately dispose of the substantive questions raised in both of defendant's post-conviction petitions, we have noted that he has raised a further constitutional contention concerning his heavier sentence on retrial. We have recently discussed this matter thoroughly in *People* v. *Baze,* 43 Ill.2d 298, wherein we concluded, following the decision of the United States Supreme Court in *North Carolina* v. *Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072, that where an accused's conviction is set aside "because of constitutional error, any imposition of a heavier sentence on retrial, to penalize a convicted person who chose to exercise his constitutional rights, would violate constitutional due process." (43 Ill.2d at page 302.) Accordingly, whenever a greater sentence is imposed upon a defendant under such circumstances, the judge's reasons for imposing the heavier sentence must affirmatively appear in the record and must be predicated upon "objective information concerning identifiable conduct

of defendant occurring *after* the time of the original sentencing." (43 Ill.2d at page 302; emphasis in original.) Such rule must of course also apply where, as here, defendant's original conviction was reversed on other than constitutional grounds and remanded for retrial. In this case, since we have before us only the records in connection with defendant's post-conviction proceedings, we are unable to ascertain whether defendant's greater sentence after his second conviction was, under *Pearce*, justified. Under such circumstances we are constrained to disregard the insufficiency of defendant's post-conviction petitions and remand the matter to the circuit court to give him an opportunity, with the assistance of counsel, to present his case under the Post-Conviction Hearing Act insofar as the *Pearce* rule is concerned.

For the foregoing reasons, the judgments of the circuit court of Cook County dismissing defendant's post-conviction petitions are reversed, and the cause is remanded with directions that an evidentiary hearing be conducted to determine whether, under *Pearce* and *Baze*, defendant's sentence after his conviction on retrial was justified.

*Reversed and remanded, with directions.*

Mr. Justice Ward took no part in the consideration or decision of this case.