(No. 39694.— ▮▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JEROME BARKAN, Appellant.

*Opinion filed May 20, 1970.*

WARD, J., took no part.

ROBERT A. CREAMER, of Chicago, appointed by the
court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield,
and EDWARD V. HANRAHAN, State's Attorney, of Chicago,
(JAMES B. ZAGEL, Assistant Attorney General, and ELMER
C. KISSANE and ANTHONY W. MONTEMURRO, Assistant
State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion
of the court:

Following his plea of guilty in January of 1964 to un-
lawful possession of narcotics, defendant, Jerome Barkan,

was sentenced in the circuit court of Cook County to a term of 5 to 10 years imprisonment. He subsequently filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1963, ch. 38, pars. 122—1 *et seq.*), alleging that he had been adjudicated mentally ill seven years prior to his plea and had not been subsequently restored. That adjudication was predicated upon a finding of "character disorder C.P.I.". As a consequence, he alleged that he was incompetent to plead guilty, and prayed alternatively for a competency hearing or a new trial. Deferring a ruling on the State's motion to dismiss, the presiding judge allowed defendant time within which to amend his petition by setting forth further circumstances, and relating the availability of further proof, which would create a *bona fide* doubt as to his competency at the time of his plea. No amendment was filed, and at a hearing two months later, the petition was dismissed. Defendant now appeals from the denial of an evidentiary hearing.

Subsequent to the filing of defendant's brief and the record designated by defendant, we allowed without objection a supplemental record to be filed by the State. That record pertained to a sanity hearing sought by defendant in connection with an unrelated indictment for armed robbery. Those sanity proceedings occurred about four and one-half months after the adjudication of mental illness which is central to this case. The supplemental record reveals that the Cook County Behavior Clinic found that "He knows the nature of the charge and is able to cooperate with his counsel." The jury's determination was that defendant "was, at the time of the impaneling of this jury, and now is sane." Defendant now objects to the supplemental record on the basis that it was not before the court which acted on his petition for post-conviction relief, and therefore should not be considered by this court in reviewing the circuit court's decision. Without passing on this objection, we shall decide the merits of the case as it was presented to the circuit court,

since, in any event, we do not regard the supplemental material as dispositive.

There is no debate as to the general proposition that conviction of an incompetent defendant violates his fundamental right to due process. Thus, while it is not contended that the trial court had any cause to suspect defendant's competency or to initiate a competency hearing *sua sponte* prior to acceptance of the plea, and it is conceded that neither defendant nor his counsel sought such a hearing, the issue of competency may nevertheless be raised. As the United States Supreme Court emphasized in *Pate* v. *Robinson,* it is sufficient basis for relief if the defendant can create a *bona fide* doubt as to his competency at trial. (383 U.S. at 385, 15 L. Ed. 2d at 822, 86 S. Ct. at 842.) It was recognized even before *Pate* v. *Robinson* that if the defendant succeeds in creating such doubt, it is beyond the hearing court's province to then proceed in determination of the ultimate issue of defendant's competency at trial. *McDowell* v. *People,* 33 Ill.2d 121, 124; *People* v. *Anderson,* 31 Ill.2d 262.

In this case the State moved to dismiss the petition as being insufficient to entitle defendant to an evidentiary hearing. A petition is insufficient, and subject to a motion to dismiss, where it does not indicate the availability of substantial evidence which could entitle the petitioner to relief. *People* v. *Morris,* 43 Ill.2d 124; *People* v. *Arbuckle,* 42 Ill.2d 177; *People* v. *Gendron,* 41 Ill.2d 518; *People* v. *Brown,* 41 Ill.2d 230.

The State did not contest the fact that defendant had been adjudicated mentally ill seven years before, and defendant made no showing that additional evidence would be forthcoming at an evidentiary hearing, although he had been granted additional time for that purpose. Under these circumstances, it seems entirely reasonable to dismiss the petition without a hearing unless, as defendant now contends, the fact of defendant's adjudication of mental illness seven

years prior to his plea of guilty, with nothing more shown, compels a finding that a *bona fide* doubt exists as to his competency at the time of the plea.

Defendant argues that a presumption of incompetency obtains upon an adjudication of mental illness, and remains until restoration. This being so, he contends that nothing more need be shown to create a *bona fide* doubt as to his competency, and attempts thereby to excuse his failure to indicate the availability of evidence explaining or expanding upon the diagnosis of his illness, or relating to any abnormal behavior over the intervening seven years which might have indicated the continuance of any mental disturbance. However, we have many times recognized that the presumption of incompetency on which defendant relies is dependent upon two conditions: the illness must be shown to be of a permanent and continuing type, and the adjudication of illness must not have been too remote. (*People* v. *Brown*, 31 Ill.2d 415, 420-21; *Withers* v. *People*, 23 Ill.2d 131, 136; *Glenn* v. *People*, 9 Ill.2d 335, 343-44; *People* v. *DePompeis*, 410 Ill. 587, 591.) "We have held, therefore, that commitment to a mental institution some years prior to trial may not of itself raise a *bona fide* doubt to overcome the presumption of sanity even though there has never been a restoration order." *People* v. *Woods*, 26 Ill.2d 557, 561; *People* v. *Richeson*, 24 Ill.2d 182.

In our opinion, the hearing court's decision to dismiss defendant's petition without an evidentiary hearing was consistent with this principle, and we cannot conclude that it was an abuse of discretion under the facts of this case. The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*

Mr. Justice Ward took no part in the consideration or decision of this case.