(No. 43155.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* EARNEST HARRIS, Appellant.

*Opinion filed November 18, 1970.*

WARD, J., took no part.

MORTON ZWICK, Director of Defender Project, of Chicago, (THEODORE A. GOTTFRIED and JOHN L. BARTON, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ALAN M. POLIKOFF, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Burt delivered the opinion of the court:

In 1968 the defendant, Earnest Harris, was indicted for the offense of burglary. Upon the defendant's plea of guilty, the circuit court of Cook County accepted the plea and sentenced the defendant to a term of from 6 to 12 years in the Illinois State Penitentiary. In 1969 under the provisions of the Post-conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 et seq.), the defendant petitioned the trial court requesting the court to vacate its judgment of conviction and sentence on the grounds that evidence existed which was not brought to the attention of the trial judge and which raised a bona fide doubt as to the defendant's competency as of the time he pleaded guilty. After a hearing this petition was denied by the trial court, and it is this decision which is now being appealed to this court.

At the post-conviction hearing the defendant introduced evidence of his numerous incarcerations in the various Illinois penal institutions. It was shown that the defendant spent most of his time while in prison in psychiatric wards. The defendant presented two letters: One from the director of the Psychiatric Institute of the Circuit Court of Cook County, and the other from Dr. Groves B. Smith, Psychiatrist of the Illinois Department of Correction. In his letter, the Director of the Psychiatric Institute of the Circuit Court of Cook County related that the defendant had been at his institute for examination on three separate occasions, the last being in 1966, and that the diagnosis of the defendant was that he suffered from a chronic brain syndrome with convulsive disorder (epilepsy). Dr. Smith, in his letter, traced the defendant's criminal and psychiatric background from 1949 until his discharge from Menard State prison in 1966 and stated that during incarceration for the conviction in question, the defendant was classified as Group I (in need of mental treatment, organic brain syndrome with epilepsy) and has been subsequently reclassified as Group III (without need of mental treatment, underlying brain

syndrome with epilepsy). Neither letter contained any statement of opinion as to the defendant's competency to stand trial in the case at hand. The defendant also introduced evidence that in 1964, while indicted for theft, the court had ordered a hearing by jury of the defendant's competency to stand trial. The jury in that hearing returned a verdict that the defendant was competent to stand trial.

The issue here on appeal is whether the trial judge after hearing the testimony as to the petitioner's history of recidivism, detention in the State penal institutions' psychiatric wards, and his epilepsy, committed reversible error in denying the defendant's petition for a new trial and a competency hearing. The defendant's argument is based primarily on *McDowell* v. *People,* 33 Ill.2d 121. He maintains essentially that this court in that case suggested that if facts similar to those raised by the defendant in the case a bar were not before him at the time of accepting the plea of guilty, the trial judge has a duty to cause the competency hearing to be held. However, this was not our holding in *McDowell.* In that case the defendant sought review under the Post-conviction Hearing Act, claiming that he was not sane and that his constitutional rights had been violated because the court failed to hold a sanity hearing. At the post-conviction hearing, the trial court determined that the defendant was not insane. On review we reversed that decision, concluding that it was not the trial judge's function at the post-conviction hearing to determine on the merits whether or not the defendant was sane. His duty, instead, was only to determine whether such facts, if known at the time of accepting the plea of guilty, would have raised a *bona fide* doubt of the defendant's sanity, thereby imposing on him the duty to cause a sanity hearing to be held. When this court stated, (p. 123) "Enough has been related to show that had the appropriate issue been passed on the court might well have found grounds for a *bona fide* doubt

of the defendant's sanity," we were not stating that the particular facts raised by the defendant did raise a *bona fide* doubt of the defendant's sanity, but only that if properly presented the court may have found this *bona fide* doubt to exist. Our reversal was not meant to compel the trial judge to find there was a *bona fide* doubt, but only to have him consider this question rather than to determine whether the defendant was sane or insane on the merits as he had previously done. In the instant case, the trial judge did consider the facts presented by the defendant with respect to whether they raised a *bona fide* doubt of defendant's competency to stand trial. After reviewing the evidence presented in the post-conviction hearing, the trial judge determined that if these facts had been known at the time of accepting the plea of guilty, they would not have raised a *bona fide* doubt as to the defendant's competency. Therefore, the trial judge properly considered these facts in the light of *McDowell* v. *People*.

This court, sitting as a reviewing court, could only reverse the trial judge's determination if it were concluded that he had abused his discretion. We stated in *People* v. *Pridgen*, 37 Ill.2d 295, 298, "it is within the discretion of the trial judge to decide whether the facts and circumstances raise a *bona fide* doubt of the defendant's sanity so as to require a hearing." We hold that the trial judge did not abuse his discretion by determining that the facts presented were not sufficient to raise a *bona fide* doubt as to the defendant's competency to stand trial. The defendant's evidence that he has been incarcerated on many occasions in the psychiatric wards of Illinois State Penitentiaries and that he was determined by the Illinois Department of Correction to be that type of individual in need of mental treatment upon conviction and sentencing in this case, is not conclusive of the defendant's inability to understand the nature of the proceedings against him or to assist in his defense. (*People* v. *Richeson*, 24 Ill.2d 182, *Withers* v. *People*,

23 Ill.2d 131.) As to the defendant's epilepsy, we find that this is not determinative of the defendant's incompetency. The appellate court of this State in a persuasive decision to this effect maintained, "Epilepsy is a symptom of a neurological disorder characterized by seizures, convulsions or temporary loss of consciousness. Except for these seizures and brief periods of unconsciousness, and for short periods afterward, most epileptics are as responsible for their actions as anyone else. In 80 percent or more cases impairment of cerebral functions is but transitory. There are no psychological features or mental disorders that are peculiar to epileptics. Duggins, Epilepsy, Its Causes, Effects and Treatment; Masland, Neurology, Encyclopedia of Mental Health, 1327 (1963); Goldensohn, Epilepsy and Other Paroxysmal Disorders, Encyclopedia of Mental Health, 575 (1963)." *People* v. *Martin,* 69 Ill. App. 2d 12, 16. We agree with this position taken by the appellate court.

The judgment of the circuit court of Cook County in denying the post-conviction petition is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.