540

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL SHAW, Defendant-Appellant.

(No. 71-360;

Second District—July 20, 1972.

Harold D. Nagel, of Stockton, for appellant.

Eric S. DeMar, State's Attorney, of Galena, for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant appeals from an order which denied his petition for relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1969, ch. 38, sec. 122—1 *et seq.*)

The offense of voluntary manslaughter was committed on June 12, 1967. Defendant was 20 years of age when, on September 29, 1969, he entered a plea of guilty to the charge. After a thorough hearing in aggravation and mitigation, defendant was sentenced to a term of from three to fifteen years in the penitentiary.

Defendant's contention on appeal is that, in light of the totality of circumstances regarding his age and mental capacity, the failure of the trial court to make an inquiry into or a determination of his competency was a denial of due process, citing the following facts: (1) defendant testified that, although he had attended school into his freshman year of high school, he was unable to read; (2) the State's Attorney was aware, but failed to inform the court, that defendant was committed to the State Hospital for emergency mental treatment in 1967; (3) the sheriff who investigated the homicide talked to defendant's parents and told them he thought defendant was in need of psychiatric help; (4) within a few days after sentencing, the trial judge wrote to the Assistant State Criminologist requesting that defendant be confined to the Menard Branch of the Penitentiary commenting that he thought defendant to be "in need of psychiatric evaluation and treatment," and that Menard had excellent facilities for such services.

■■ The duty of a trial court in conducting a hearing on a post-conviction petition based upon incompetency, is to determine whether, if certain facts had been known at the time of acceptance of the guilty plea, there would have been raised such *bona fide* doubt of defendant's sanity as to require a competency hearing. (*People v. Harris* (1970), 47 Ill.2d 106, 108—109.) In the instant case, the court heard testimony from the defendant the substance of which was that he was unable to read at the time of his conviction, and was confused concerning the nature and import of the proceedings against him. The State introduced evidence by the judge who accepted the plea and sentenced defendant, the probation officer who interviewed defendant, and the sheriff who was primarily

responsible for investigation of the offense. While all these persons testified that defendant appeared to act normally throughout the course of the proceedings against him, the testimony of both the judge and the sheriff indicated an awareness that defendant had a drinking problem. At the conclusion of the hearing, the court noted that, after considering the record from the conviction proceedings, the report of defendant's commitment to the State Hospital, and the testimony at the post-conviction hearing, he found no facts, either known or unknown to the trial court, which would give rise to a *bona fide* doubt of defendant's competency.

■■ The question of whether *bona fide* doubt of defendant's competency existed is within the discretion of the trial court (*People v. Southwood* (1971), 49 Ill.2d 228, 230), and that decision will be reversed only for an abuse of discretion. (*People v. Harris, supra* at 109.) In order to be considered competent to stand trial a defendant must be able to understand the nature and object of the charges against him, and to cooperate with counsel in conducting his defense in a rational and reasonable manner. (*Withers v. People* (1961), 23 Ill.2d 131, 135; *People v. Hammond* (1970), 45 Ill.2d 269, 276.) In this case, we cannot say that the fact of defendant's alleged illiteracy alone was enough to raise a doubt of competency under the given test. It is apparent from the record that the sheriff's suggestion to defendant's father that defendant get psychiatric help, and the trial court's letter requesting that defendant be put in the Menard Branch of the Penitentiary were prompted by concern for his drinking problem. The fact of a drinking problem does not necessarily raise the issue of competence. (See: *People v. Bortnyak* (1968), 39 Ill.2d 545.) Defendant's commitment to the State Hospital was under a week's duration, and upon discharge his condition was undiagnosed. The doctor's report shows that, although defendant had a history of "peculiar attitudes toward people," had been in trouble with the police, and appeared depressed on the day of examination, he was cooperative and answered questions normally. The fact that defendant was hospitalized is not, in itself, sufficient to raise a *bona fide* doubt of competency. See: *People v. Slaughter* (1970), 46 Ill.2d 114, 119, *People v. Barkan* (1970), 45 Ill.2d 261, 264.

■ We cannot say that the totality of facts in this case give rise to a *bona fide* doubt that defendant, at the time of his plea, was unable to understand the nature and object of the proceedings or to assist counsel in his defense. The trial court did not abuse its discretion in denying the petition for post-conviction relief.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.