THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALPHONSO JOHNSON (Impleaded), Defendant-Appellant.

(No. 72-36; )

Second District—August 23, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of counsel,) for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant was sentenced to 2—5 years in the penitentiary in accordance with a negotiated plea of guilty to the crime of robbery. The plea was further conditioned on the dropping of unconnected charges of auto theft in several other jurisdictions. There is no claim that the bargain failed, but rather that the trial court erred in dismissing defendant's amended post-conviction petition without an evidentiary hearing to determine whether he was mentally competent to plead.

The allegations of the petition that defendant was "mentally incompetent", that "no inquiry about competency was made", that "he did not knowingly and understandingly make the guilty plea", are said to be supported by the further allegations in the petition,

"That in the five years prior to his conviction, he had been treated for mental disorder at the Belleview City Hospital, New York, New York, the Central Islip State Hospital, Long Island, New York and St. Therese Hospital, Waukegan, Illinois."

■■ The court properly denied the petition without an evidentiary hearing. The circumstances of hospitalization for treatment of mental disorder three times in the five years prior to the conviction, conceded by the court to be factually true, were insufficient to raise a *bona fide* issue as to defendant's competence at the time of the entry of the plea. (*People v. Slaughter* (1970), 46 Ill.2d 114, 119; *People v. Barkan* (1970), 45 Ill.2d 261, 263-4; *People v. Olson* (1970), 46 Ill.2d 167, 171-2; *People v. Franklin* (1971), 48 Ill.2d 254, 256-7.) Appointed counsel for defendant was asked to state any factual matters to which the defendant could testify if brought back for a hearing and replied that "I know of none other than as set forth in the amended petition."

We have studied the whole record. There is no mention of the defendant's hospitalization until the post-conviction proceedings some one and one-half years after the plea was taken. There is no indication in defendant's responses throughout many court appearances to support his present argument in any way. The court, from its own observation, saw nothing to indicate that the defendant was incompetent throughout any of the proceedings. The presentence report adds the additional

94

affirmative opinion by the probation officer "that the defendant related well and was able to provide insight into his problems", and the conclusion that they were "deep insights".

■■ Contrary to defendant's further contention, the record clearly shows that appointed counsel were not "incompetent" or "ineffective" in their representation at any stage of the proceedings.

The order denying the post-conviction petition is affirmed.

Order affirmed.

ABRAHAMSON and T. MORAN, JJ., concur.