THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* EDWARD GERALD NYDEN, Petitioner-Appellant.

(No. 57311; ▌▌▌▌▌▌)

First District (4th Division)—September 26, 1973.

James J. Doherty, Public Defender, of Chicago, (John E. Hughes, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and James Carlson, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Petitioner was found guilty of voluntary manslaughter in a bench trial on April 6, 1970, and was sentenced to serve a term in the penitentiary of not less than 3 years, nor more than 15 years. He also pleaded guilty on said date to burglary and bail jumping and was sentenced to serve concurrent sentences of not less than 2 nor more than 15 years. On September 20, 1971, petitioner filed a *pro se* petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1969, ch. 38, par. 122—1 *et seq.*), which the trial court dismissed on the State's motion. Petitioner appeals from this order of dismissal.

In his petition, it is alleged that his convictions were void as a result of a Behavior Clinic Examination conducted on November 4, 1969, by Dr. William H. Haines. Dr. Haines' report concluded as follows:

> "Ambulatory Schizophrenic Reaction. At this time he knows the nature of the charge and is able to cooperate with his counsel. A full Schizophrenic Reaction with a break in reality can be expected in the future."

From the date of the report to the date of the trial on April 6, 1970, no further inquiry was made into the ability of the defendant to stand trial.

Petitioner claims on appeal that Dr. Haines' report raised a bona fide doubt as to the petitioner's competency at time of trial such as to require a competency hearing which was not in fact held. The State's motion to dismiss urged that no constitutional error was committed by the trial court in failing to hold this hearing.

■■■ In a post-conviction proceeding the petitioner has the burden of proof to show that there has been a substantial deprivation of his constitutional rights. (*People v. Watson*, 50 Ill.2d 234, 236, 278 N.E.2d 79; *People v. Smith*, 45 Ill.2d 399, 404, 259 N.E.2d 247.) Further, an evidentiary hearing is not necessary where, "the Circuit Court, upon a motion to dismiss a post-conviction petition, may render its decision on the basis of what is contained in the pleading to which the motion is directed, considered with the transcript of trial or other proceedings." *People v. Morris*, 43 Ill.2d 124, 128, 251 N.E.2d 202.

■■ If facts are brought to the attention of the trial court which raise bona fide doubt as to defendant's capacity to stand trial, then the trial judge has a duty to hold a competency hearing. (*People v. Thomas*, 43 Ill.2d 328, 332, 253 N.E.2d 431.) However, the question of whether a bona fide doubt as to defendant's competency exists is within the discretion of the trial court (*People v. Southwood*, 49 Ill.2d 228, 230, 274 N.E.2d 41), and that decision will be reversed only for an abuse of discretion. (*People v. Harris*, 47 Ill.2d 106, 109, 265 N.E.2d 644.) In order to be considered competent to stand trial, a defendant must be able to understand the nature of the proceedings, the nature of the charge, and be able to cooperate with his counsel. (*People v. Brown*, 31 Ill.2d 415, 421, 201 N.E.2d 409.) In this case, petitioner has not alleged that he was in fact unable to understand the nature of the charges against him or unable to cooperate with his counsel at trial. The possibility that a mental problem might occur at some future date is noted in Dr. Haines' report, but this possibility by itself is not sufficient to show that a bona fide doubt existed as to petitioner's competency to stand trial. In the same report cited by petitioner as sole support for his allegation, Dr. Haines found petitioner fully able to understand the charges against him and cooperate with his counsel. Petitioner has failed to show any facts which would have raised a bona fide doubt before the trial court so as to have required a competency hearing. Therefore, we cannot say that the trial court abused its discretion by not holding a hearing into petitioner's competency to stand trial.

After having reviewed the allegation presented by petitioner, we are aware that the petition failed to allege any substantial constitutional question, and that the trial court was correct in dismissing the petition without an evidentiary hearing.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.