THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM BARNES, Defendant-Appellant.

(No. 72-301;

Second District—June 7, 1974.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Thomas Sullivan, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant was charged with 3 separate offenses of forgery. After

entering a plea of guilty to each, he was sentenced for a term of 2 to 10 years. The issue on appeal is whether the plea was entered voluntarily.

Defendant was arrested on February 26, 1972. A month later, during his arraignment, it was revealed that he was a heroin addict. When the court inquired if he was presently on narcotics, defendant replied, "I'm off it now * * * ever since I've been in jail." Further inquiry by the State disclosed that defendant was receiving pills from a doctor, that the pills helped but that he could not sleep at night. Three months after his arrest, defendant (having been incarcerated during the period) entered a plea of guilty. At the hearing, the following colloquy took place:

"The Court: What is your condition now as far as narcotics?

The Defendant: I'm taking no medication for them right now.

The Court: How long has it been since you had any?

The Defendant: Since they took the dolaphines off up there.

The Court: Are you on medication of any type?

The Defendant: No.

Mr. Lafayette [defendant's counsel]: He has dried out since February 25th when they picked him up. And for the last two or three weeks they have removed any medication from the County Jail. So he has had no medication for narcotics since at least about three weeks."

Toward the end of the hearing the following occurred:

"Mr. Gemignani [Asst. State's Attorney]: May the record show Mr. Lafayette and I have engaged in plea negotiations and that the most I have offered Mr. Lafayette was five to fifteen years, and that was refused, and that no other promises have been made by myself to Mr. Lafayette or this defendant.

Is that true, Mr. Lafayette?

Mr. Lafayette: That is correct.

Mr. Gemignani: Is that true, sir?

The Defendant: Yes.

Mr. Gemignani: Your attorney has made no other promises or no promises of any kind?

The Defendant: No."

■■ Defendant contends that being without medication for 3 weeks was the physical and mental coercion which caused him to plead guilty. In cases where a similar claim has been made with regard to the voluntariness of confessions, the courts have held that the record must show facts upon which such conclusion may be based. (*People v. Muniz,* 31 Ill.2d 130, 137-38 (1964); *People v. Pote,* 5 Ill.App.3d 856, 859-60 (1972); *People v. Bryant,* 101 Ill.App.2d 314, 319-20 (1968).) Here there is no

evidence that at the time of his plea defendant was suffering from withdrawal symptoms or that his behavior was other than normal. Nothing in the record substantiates defendant's assertion.

■■ Defendant argues that the court failed to ask if any force or threat had been used to obtain his plea and that such failure constituted reversible error. In determining whether the plea is voluntary, substantial compliance with Rule 402(b) does not require the trial court to follow, verbatim, the language of the rule. (*People v. Compton*, 16 Ill.App.3d 196 (1973), *appeal denied*, May 29, 1974, case No. 46431.) A review of the record as a whole convinces us that the defendant voluntarily entered his plea of guilty to the offenses charged.

Judgment affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.