THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME BARKAN, Defendant-Appellant.

(No. 59991;

First District (2nd Division)—June 24, 1975.

James J. Doherty, Public Defender, of Chicago (Gail Moreland and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and David J. Magee, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This is an appeal from an order that sustained a motion by the State and dismissed a supplemental post-conviction petition filed by appellant Jerome Barkan. The issue to be resolved is whether the petition alleged facts which entitled the petitioner to an evidentiary hearing.[1] The State's motion admitted as true all the well-pleaded facts. Therefore, we must examine the petition in order to determine if it made a substantial showing that petitioner's constitutional rights were violated at his trial. Our examination discloses the following allegations.

Petitioner is a prisoner in the Illinois State Penitentiary under sentences entered in the criminal division, circuit court of Cook County. On January 20, 1972, he changed his plea in three indictments that charged the offense of burglary. He was found guilty and sentenced to serve three concurrent terms of not less than 5 nor more than 14 years. No appeal was taken from these convictions.

Contrary to law, and in violation of the United States and Illinois Constitutions then and now in effect, the trial court did not properly admonish petitioner before accepting his pleas of guilty. The court failed to adequately admonish him as to the nature of the charges. Specifically, the court failed to read or paraphrase the essential allegations of the indictments; it failed to explain the acts and the accompanying state of mind which the State alleged petitioner possessed when the crimes were committed; the court failed to read or paraphrase and explain the applicable sections of the Criminal Code which proscribe the conduct attributed to petitioner, as alleged in the indictments. Petitioner lacked an understanding of the law relating to the facts. He did not intelligently and understandingly enter his pleas of guilty. He was not informed or instructed by the court as to specific provisions of section 19—1 of the Criminal Code. He was not informed of his right to plead not guilty,

---

[1] For the lawyers in this appeal, we are constrained to point out that when a post-conviction petition is dismissed by a trial court, the primary issue is whether the dismissal was error. Therefore, the substantive due process questions which may be involved are not reached unless this primary issue is resolved in petitioner's favor. Accordingly, in the view we take of this appeal, we do not reach the issues presented in appellant's brief and argued in the brief for the State.

persist in that plea, or to plead guilty. He was not informed of his right to be confronted by witnesses against him. The trial court did not question him in open court to confirm the terms of the plea agreement or that there was no agreement. The court failed to adequately determine if the pleas of guilty were entered voluntarily, free of force, threat, undue influence, or overwhelming medical condition.

Petitioner was physically unfit, suffering with the illness of acute serum and viral hepatitis and drug addiction and was in dire need of hospitalization at the time he submitted his pleas of guilty. The admonitions were in derogation of constitutional guarantees providing due process of law and equal protection of the laws. Petitioner was adjudicated a mentally ill person on June 27, 1957; subsequently never having been restored, he was not mentally competent to enter said pleas of guilty. The trial court's denial of a continuance which petitioner requested coerced him into pleading guilty. He was prejudicially denied counsel of his own choice in violation of his sixth amendment right to counsel. He was denied effective assistance of counsel since sufficient time was not accorded him in which to acquaint his attorney, appointed instanter, with the facts of the case, nor did said attorney have sufficient time to prepare for trial and for defense of the charges. The facts set out with regard to said matters are duly preserved in the transcript of evidence, or can be shown at a hearing. The errors of court have caused petitioner to be illegally convicted and confined. Wherefore, petitioner prays that this case be reopened, a hearing had, evidence pertaining to these matters heard, and whatever relief this court deems just and appropriate be granted, he having been illegally convicted and confined in violation of the Constitutions of Illinois and the United States of America.

The State moved to dismiss the petition; and to its motion, it attached as an exhibit the report of proceedings that covered the hearing at which petitioner pled guilty. After hearing arguments and presentation of counsel for the parties, the trial court sustained the State's motion and dismissed the petition, without an evidentiary hearing.

It can be seen that the allegations of this post-conviction petition fall into four categories. First, and the most numerous, were those which articulated petitioner's claim that the trial court, in derogation of due process and equal protection guarantees of State and Federal Constitutions, did not adequately admonish him before his pleas of guilty were accepted. Second, there is one which asserted that at the time he pled guilty, petitioner was ill, and another which stated he was a person who had been previously adjudicated mentally ill, not restored, thus rendering him incompetent to plead guilty to criminal charges. Third, there was one which claimed that the court's denial of a continuance, on the day

his cases were called for trial, coerced him into pleading guilty. Fourth, there were two by which it was contended that he was denied counsel of his own choice, and denied effective assistance of counsel by the instanter appointment of his codefendant's lawyer who did not have sufficient time to become acquainted with petitioner's defenses and prepare for trial.

■■ Our post-conviction statute[2] requires that a petition invoking its provisions contain factual allegations which make a substantial showing that in the criminal trial there was a deprivation of constitutional rights. (*People v. Orndoff*, 39 Ill.2d 96, 233 N.E.2d 378.) Mere conclusional allegations are wholly inadequate. (*People v. Smith*, 44 Ill.2d 272, 275, 255 N.E.2d 450.) Before a post-conviction petitioner is entitled to an evidentiary hearing, he must, in his petition, plead factual allegations which, if true, show that constitutional rights were violated. (*People v. Browry*, 8 Ill.App.3d 599, 606, 290 N.E.2d 650.) If he does not, his petition may be dismissed without a hearing. (*People v. Spicer*, 47 Ill.2d 114, 264 N.E. 2d 181; *People v. Morris*, 43 Ill.2d 124, 251 N.E.2d 202.) And in deciding whether he is entitled to an evidentiary hearing, the trial court may look at and examine the record and transcript in order to determine the sufficiency of the post-conviction petition. *People v. Wade*, 47 Ill.2d 38, 264 N.E.2d 207; *People v. Hicks*, 44 Ill.2d 550, 256 N.E.2d 823.

■■ The record of proceedings at which petitioner pled guilty disclosed to the trial judge that, before he pled guilty, petitioner was admonished concerning the consequences of his pleas and the penalty which the court could impose for the offenses charged in the three indictments. The facts on which the State relied were put into the record by stipulation, in petitioner's presence. Therefore, what he did that resulted in the indictments was told him in the presence of his counsel; he listened to their recital without objection. It is now settled that what was told petitioner by the trial judge, together with recital of the factual bases for the pleas, adequately admonished him concerning the nature of the charges contained in the indictments. *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.

Petitioner's allegations, in words of conclusions, articulated the thought that the trial court did not properly or adequately admonish him, that he did not understand the law in relation to the facts, that he was not informed concerning the law nor of rights affected by his pleading guilty. In several conclusional paragraphs, petitioner stated that the trial judge did not question him to confirm the terms of the plea agreement, nor did he determine that the guilty pleas were voluntary, free of force, threat,

---

[2] See Ill. Rev. Stat. 1973, ch. 38, pars. 122—1 *et seq.*

undue influence or overwhelming medical condition. To these statements was added the conclusion that the admonitions given him by the trial court were inadequate and in derogation of constitutional guarantees of due process of law and the equal protection of the laws.

■■ It is our judgment that these allegations did not raise a constitutional issue because they were merely conclusional statements. (*People v. Hysell*, 48 Ill.2d 522, 272 N.E.2d 38.) The failure of a post-conviction petition to raise a constitutional issue is not remedied by a conclusional allegation that trial irregularities amounted to a deprivation of due process of law. *People v. Owens*, 34 Ill.2d 149, 214 N.E.2d 749.

Petitioner also alleged that when he tendered his guilty pleas, he was physically unfit because he was suffering from acute serum and viral hepatitis as well as drug addiction which placed him in dire need of hospitalization. He did not allege, nor claim, that his physical condition coerced him to plead guilty. No factual allegation was made which connected petitioner's physical illness with his tendered pleas of guilty. The record showed that he was alert during the proceedings, he promptly answered every question asked by the trial judge and, except for a remark he made when the case was called, he never specifically complained of any illness. For these reasons the allegations concerning petitioner's physical condition, when he pled guilty, did not raise a constitutional issue. See *People v. Heidman*, 38 Ill.2d 466, 231 N.E.2d 457; compare *People v. Barnes*, 20 Ill.App.3d 71, 312 N.E.2d 378.

Concerning his mental condition, petitioner alleged that in 1957 he was adjudicated a mentally ill person, never was restored, and thus was incompetent to enter the pleas of guilty. In *People v. Barkan*, 45 Ill.2d 261, 259 N.E.2d 1, petitioner, in another post-conviction proceeding in which he sought to set aside a 5- to 10-year penitentiary sentence he suffered in a different prosecution, made the same contention concerning the same adjudication in which he was declared a mentally ill person. The supreme court held that the allegations did not raise a constitutional issue; and that dismissal of the petition without an evidentiary hearing was correct. Similarly, in this case, we conclude that petitioner's allegation concerning his adjudication as a mentally ill person did not raise a constitutional issue. Compare *People v. Brown*, 41 Ill.2d 230, 242 N.E.2d 242.

■■ With regard to petitioner's assertion that the trial court's denial of his request for a continuance, and the instanter appointment for him of his codefendant's lawyer, denied him effective assistance of counsel and counsel of his choice, there was no factual allegation that had a continuance been granted or had other counsel been appointed, there was a particular thing that could be done, or there was a defense that could

be interposed so that the results of the proceedings would have been different. This being so, these allegations, as was the case of the others we have reviewed, did not raise a constitutional issue. See *People v. Newberry*, 55 Ill.2d 74, 302 N.E.2d 34; *People v. Goerger*, 52 Ill.2d 403, 288 N.E.2d 416; *People v. Edwards*, 49 Ill.2d 522, 276 N.E.2d 308; *People v. Dudley*, 46 Ill.2d 305, 263 N.E.2d 1.

Therefore, we conclude that the supplemental post-conviction petition did not allege facts which entitled the petitioner to an evidentiary hearing. The order dismissing it is affirmed.

Affirmed.

STAMOS and HAYES, JJ., concur.