THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE J. COLE, Defendant-Appellant.

Fifth District   No. 77-240

Opinion filed July 10, 1978.

---

Michael J. Rosborough and E. William Hutton, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Stephen L. Spomer, State's Attorney, of Metropolis (Bruce D. Irish and Ann E. Singleton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal by petitioner, Willie J. Cole, from an order of the Circuit Court of Massac County dismissing his amended petition for post-conviction relief.

Cole was arrested in 1973 for the shooting of Orval Bean. He pleaded guilty to the charge of aggravated battery and was sentenced to a term of 3 to 9 years imprisonment. In January 1977, Cole filed *pro se* a petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) along with a request for appointment of counsel. In his petition, Cole claimed that he was incompetent to plead guilty to the charge in 1973 and alleged facts showing that he had been incarcerated and treated almost continuously since 1956 for mental retardation and mental illness. Cole also claimed that he was denied effective assistance of counsel in that his attorney had failed to raise the issue of his competency and had failed to advise the court of petitioner's past incarceration.

According to Cole, he was placed in the State School for Mentally Retarded Children in Lincoln, Illinois, in 1956 at age 9 where he remained until late 1966 when he was released at age 19. Thereafter, from 1967 to 1973, Cole pleaded guilty to and received prison sentences for four separate criminal offenses, including the 1973 aggravated battery charge. On each occasion he was immediately transferred from the general prison population to the psychiatric division of the Illinois Department of Corrections for treatment for mental illness. At the expiration of his three prior sentences he was transferred to State mental hospitals for further treatment until it was determined that he had recovered his sanity and he was released.

Because Cole failed to include the necessary supporting affidavits, his petition was dismissed with leave to amend. Thereafter, supporting affidavits were filed by his appointed counsel and the State filed a motion to dismiss the petition on the grounds that it failed to allege sufficient facts to support the claims asserted. After a hearing on the State's motion, the trial court entered an order on April 11, 1977, denying the petition without an evidentiary hearing and the petitioner brought this appeal.

To enter a valid plea of guilty to a criminal charge, an accused must understand the nature of the proceedings against him and he must be competent to assist in his own defense. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1(a); *People v. Heral*, 62 Ill. 2d 329, 342 N.E.2d 34 (1976).) After entering a plea of guilty, a defendant may thereafter use the vehicle of post-conviction review to challenge his competency to have so pleaded; however, the burden is on the defendant to establish facts which, if known to the trial court at the time the plea was entered, would have raised a *bona fide* doubt as to his ability to enter the plea. *People v. Skorusa*, 55 Ill. 2d 577, 304 N.E.2d 630 (1973); *People v. Barkan*, 45 Ill. 2d 261, 259 N.E.2d 1 (1970).

■■  The State asserts that the trial court, relying on *People v. Johnson*, 7 Ill. App. 3d 92, 287 N.E.2d 65 (2d Dist. 1972), properly dismissed Cole's petition after finding that the facts alleged therein were insufficient to state a claim. In *Johnson*, the court upheld a dismissal of a petition for post-conviction relief, without an evidentiary hearing, in which it was alleged that the petitioner was incompetent at the time he entered a guilty plea to a criminal charge. The *Johnson* court, citing *People v. Barkan*, found that the petitioner's allegation that he had been treated for a mental disorder on three occasions during the five years prior to his conviction, although factually true, was insufficient to raise a *bona fide* doubt as to his competence at the time he entered the plea. Notwithstanding the decision in *People v. Johnson*, we are of the opinion that the allegations set forth in Cole's petition, together with the supporting affidavits, were sufficient to raise a *bona fide* doubt of his competency at the time he entered his plea of guilty and that an evidentiary hearing on the issue should have been held.

■■  We are mindful that evidence of prior treatment for a mental illness or disability, even if recent or frequent, is not conclusive proof of a defendant's inability to understand the nature of the proceedings against him or to assist in his own defense. (*People v. Harris*, 47 Ill. 2d 106, 265 N.E.2d 644 (1970).) In *People v. Barkan* the defendant petitioned under the Post-Conviction Hearing Act for a competency hearing alleging that he had been adjudicated mentally ill seven years prior to his plea of guilty to a criminal charge and had not been subsequently restored. The defendant maintained that this allegation was sufficient to create a *bona*

*fide* doubt as to his competency thereby excusing his failure to indicate the availability of evidence explaining or expanding upon the diagnosis of his illness, or relating to any abnormal behavior over the intervening seven years which might have indicated the continuance of any mental disturbance. In addressing the defendant's contention the court stated:

> "[W]e have many times recognized that the presumption of incompetency on which defendant relies is dependent upon two conditions: the illness must be shown to be of a permanent and continuing type, and the adjudication of illness must not have been too remote. [Citations.]" (45 Ill. 2d 261, 264, 259 N.E.2d 1, 3.)

The *Barkan* court concluded that the defendant's commitment to a mental institution some years prior to his plea was not of itself sufficient to raise a *bona fide* doubt of his competency and held that the dismissal of the defendant's petition was not an abuse of discretion.

We believe that the allegations set forth in Cole's petition satisfy the two conditions for a presumption of incompetency as set forth by our supreme court in *Barkan.* Cole has spent over 20 years, the majority of his life, in State institutions for treatment for mental retardation and mental illness. He currently is serving his prison term for the 1973 offense under the care of the prison's psychiatric division. Moreover, his appointed counsel during argument on the State's motion to dismiss the petition related to the court that if allowed an evidentiary hearing he would show that Cole was mentally retarded and unable to cooperate with counsel. However, in spite of Cole's allegations and the statement of his counsel he was not afforded an evidentiary hearing on his petition. In *People v. Graham,* 48 Ill. App. 3d 689, 363 N.E.2d 1241 (5th Dist. 1977), we admonished that careful consideration should be given to post-conviction petitions in order that a determination can be made whether an evidentiary hearing is required. We commented that a denial of an evidentiary hearing when it reasonably appears that one should be held results in a waste of valuable time on the part of the attorneys involved and the judiciary. Accordingly, in light of the applicable principles and after consideration of Cole's claims and affidavits, we conclude that we must reverse the denial by the trial court and remand this cause for an evidentiary hearing. Our decision renders it unnecessary for us to consider Cole's contention that he was denied effective assistance of counsel.

For the foregoing reasons, the order of the Circuit Court of Massac County is reversed and this cause is remanded for further proceedings.

Reversed and remanded with directions.

EBERSPACHER, P. J., and G. J. MORAN, J., concur.