NOTICE

Decision filed 04/13/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170167-U

NO. 5-17-0167

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 12-CF-1154 |
| | ) | |
| TYRICE JACKSON, | ) | Honorable |
| | ) | Robert B. Haida, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Overstreet and Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly dismissed the defendant's postconviction petition where the defendant knowingly and intelligently pleaded guilty to two counts of predatory criminal sexual assault and where the defendant's allegation that his plea counsel coerced him into pleading guilty and accepting an excessive sentence is belied by the record and facts of the charges and plea.

¶ 2    The defendant, Tyrice Jackson, appeals the circuit court's dismissal of his postconviction petition. The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant. OSAD filed a motion seeking to withdraw as counsel, alleging that there is no merit to the appeal. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. McKenney*, 255 Ill. App. 3d 644 (1994). The defendant was given proper notice and

1

granted an extension of time to file briefs, objections, or any other document supporting his appeal. The defendant did not file a response. We considered OSAD's motion to withdraw as counsel on appeal. We examined the entire record on appeal and found no error or potential grounds for appeal. For the following reasons, we grant OSAD's motion to withdraw as counsel on appeal and affirm the judgment of the circuit court of St. Clair County.

¶ 3                                    BACKGROUND

¶ 4     The St. Clair County sheriff's office interviewed the defendant regarding allegations that he had inappropriately touched A.C., a seven-year-old child. In that recorded interview, the defendant admitted to touching A.C.'s vagina on two separate occasions. He further indicated how far he inserted his finger into A.C.'s vagina. When asked how he accessed A.C.'s vagina, he stated that he put his hand up the opening of her shorts. He went on to demonstrate how he did that by reaching up his own shorts.

¶ 5     The State charged the defendant with two counts of predatory criminal sexual assault of a victim under 13 years of age. The State indicated the sentencing range for each count was 6 to 30 years, and under the truth in sentencing guidelines the defendant would be required to serve 85% of any sentence received on either count. Additionally, if convicted on both counts, the sentences would have to be served consecutively, making his potential sentence 12 to 60 years in the Illinois Department of Corrections.

¶ 6     On two separate occasions a doubt was raised concerning the defendant's fitness. The first was whether he was fit to waive his *Miranda* rights before being interviewed by

2

police. The second was whether he was fit to stand trial. He was evaluated professionally after each doubt arose. In both instances, he was found fit.

¶ 7    The St. Clair Child Advocacy Center interviewed A.C. about the events that allegedly occurred between her and the defendant. This interview was recorded. A.C. stated that on more than one occasion the defendant had touched her vagina with his hand and that it was skin on skin contact. When asked how the defendant accessed her vagina, she indicated that he reached up her shorts. She went on to demonstrate, in the exact same manner that the defendant did in his interview, how the defendant accessed her vagina.

¶ 8    The circuit court held a hearing on the admissibility at trial of the video recording of A.C.'s interview. Following argument and having watched the video, the circuit court granted the State's motion seeking that the video be admissible at trial.

¶ 9    Ultimately, the defendant agreed to plead guilty to both counts in exchange for a sentence of 7.5 years on each count for a total term of incarceration of 15 years. Additionally, following his term of imprisonment, the defendant would be required to serve a term of mandatory supervised release of anywhere from three years to life. He would also be required to register as a sex offender.

¶ 10    Prior to accepting the defendant's plea, the circuit court discussed the following with the defendant. The defendant was 20 years old and had completed high school. The defendant did not have a mental or physical disability that would affect his ability to understand what was happening.

> "THE COURT: All right. Sir, do you believe you have any mental or physical disability that would affect your ability to understand what you're doing this afternoon?

3

THE DEFENDANT: No.

THE COURT: Have you taken any medication or substance, drug or alcohol, that would affect your ability to understand what you're doing?

THE DEFENDANT: I took my—I took my psyche [*sic*] medicine this morning at the jail.

THE COURT: Do you feel like it has an affect [*sic*] on your ability to understand or to think about your discussions with your attorney?

THE DEFENDANT: Just tired a little bit.

THE COURT: Okay. But is it to the point where it is affecting—affecting you at all?

THE DEFENDANT: No.

THE COURT: Pardon?

THE DEFENDANT: No."

¶ 11 When asked about his reading and understanding of the paperwork involved in his plea deal, the defendant stated that he had some problems but that his attorney cleared them up for him. The defendant affirmed that he had enough time to discuss the matter with his attorney and was satisfied with his attorney's services.

"THE COURT: Okay. Have you had any difficulty participating in and understanding any discussions with Mr. Sullivan [plea counsel]?

THE DEFENDANT: No.

THE COURT: Have you had any difficulty reading and understanding any of the paperwork associated with your case?

THE DEFENDANT: Just a few, but he cleared it up.

THE COURT: All right. How about this afternoon, any difficulty with anything we've said so far?

4

THE DEFENDANT: No, ma'am.

THE COURT: Have you had plenty of time and opportunity to discuss this matter with your attorney?

THE DEFENDANT: Yeah.

THE COURT: Are you satisfied with the services performed on your behalf by Mr. Sullivan?

THE DEFENDANT: Yes, ma'am.

THE COURT: Sir, has anyone threatened you or promised you anything or offered you anything for your plea of guilty on these charges?

THE DEFENDANT: No.

THE COURT: So[,] are you entering this plea freely and voluntarily, without any pressure or force?

THE DEFENDANT: Yes, sir."

The circuit court then explained the charges against the defendant, the possible range of sentences if he was convicted, and the fact that convictions on both counts would result in consecutive sentences totaling between 12 and 60 years. Additionally, the defendant would be subject to mandatory supervised release and registration as a sexual predator. This sentencing range, however, was incorrect. The correct sentencing range for each count was between 6 and 60 years for a total possible range if convicted on both counts of 12 to 120 years. 720 ILCS 5/11-1.40 (West 2012). The court verified that the defendant was a United States citizen. The court then explained that the defendant had the right to plead not guilty and be tried with the attendant rights of a trial.

¶ 12    The State then offered the following factual basis for the plea. On two separate dates, the defendant placed his finger in the vagina of a minor. These crimes were corroborated

by the minor in an interview she gave as well as by a recorded confession made by the defendant.

¶ 13    Finding the factual basis to be sufficient to support the charges and having found the defendant knowingly and voluntarily agreed to plead guilty, the trial court accepted the defendant's plea and entered conviction and sentences according to the plea.

¶ 14    The defendant did not file a motion to withdraw his guilty plea or a notice of appeal. Later, however, he filed a postconviction petition. The circuit court appointed counsel to assist the defendant with his postconviction petition. After discussions with the defendant his counsel filed an amended postconviction petition.

¶ 15    The amended postconviction petition raised two claims of constitutional deprivation. First, the defendant alleged that his guilty plea was not knowing and voluntary because he was unfamiliar with the proceedings and because his medication (Paxil) impaired his ability to understand the proceedings. Second, he alleged that he received ineffective assistance of counsel because his plea counsel coerced him to plead guilty in exchange for an excessive sentence. The State filed a motion to dismiss, and the circuit court granted that motion.

¶ 16    Subsequently, the defendant filed a notice of appeal regarding the dismissal of his postconviction petition. OSAD was appointed to represent the defendant on appeal. After reviewing the circuit court record, OSAD determined that the appeal was meritless and filed a *Finley* motion asking permission to withdraw from representing the defendant in this appeal.

¶ 17                                ANALYSIS

¶ 18    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014))

allows state prisoners to "assert that their convictions were the result of a substantial denial

of their rights under the United States Constitution or the Illinois Constitution." *People v.*

*Coleman*, 183 Ill. 2d 366, 379 (1998). The Act provides a three-stage process for dealing

with postconviction petitions. *People v. Tate*, 2012 IL 112214, ¶ 9. "At the first stage, the

circuit court must independently review the petition, taking the allegations as true, and

determine whether the petition is frivolous or is patently without merit. [Citation.] A

petition may be summarily dismissed as frivolous or patently without merit only if the

petition has no arguable basis either in law or in fact." (Internal quotation marks omitted.)

*Id.*

¶ 19    If the petition is not dismissed as being frivolous and patently without merit the

circuit court dockets the petition for second stage proceedings and may appoint counsel for

an indigent defendant. *Id*. ¶ 10. At the second stage of the proceeding, the State files an

answer to the petition or a motion to dismiss. *People v. Hodges*, 234 Ill. 2d 1, 10-11 (2009).

When confronted with a motion to dismiss a postconviction petition, "the circuit court is

concerned merely with determining whether the petition's allegations sufficiently

demonstrate a constitutional infirmity which would necessitate relief under the Act."

*Coleman*, 183 Ill. 2d at 380. At this stage of the proceedings the circuit court is not to

engage in any fact finding. *Id.* at 380-81. All facts not rebutted by the record are accepted

as true. *People v. Hall*, 217 Ill. 2d 324, 334 (2005). Our supreme court "has consistently

upheld the dismissal of a post-conviction petition when the allegations are contradicted by

the record from the original trial proceedings." *Coleman*, 183 Ill. 2d at 382. We review a second stage dismissal of a postconviction petition *de novo*. *People v. Whitfield*, 217 Ill. 2d 177, 182 (2005).

¶ 20                                  Knowing and Voluntary

¶ 21    "If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and, therefore, is void." *People v. Williams*, 188 Ill. 2d 365, 370 (1999). The fact that a defendant "promptly answered every question asked by the trial judge" weighs in favor of finding that the defendant's plea was entered knowingly and intelligently. *People v. Barkan*, 30 Ill. App. 3d 305, 309 (1975).

¶ 22    Although the defendant claimed that he was unfamiliar with the proceedings, the record reveals that the circuit court admonished him about the consequences of pleading guilty, in accordance with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012). The defendant did not argue that he was improperly admonished. Instead, he argued that he was unable to understand the proceedings because he was taking Paxil. The record refutes that claim. As discussed above, dismissal of a postconviction petition is proper where the claims made by the defendant are contradicted by the record. In response to the trial court's inquiry the defendant indicated that his "psyche" medication was not having any effect on his ability to understand the proceedings. Additionally, the defendant's comportment throughout the hearing indicates that he understood what was happening and was able to knowingly and willingly enter his plea of guilty.

8

¶ 23                    Ineffective Assistance of Counsel

¶ 24    The defendant also argued that he received ineffective assistance of counsel because his attorney coerced him into pleading guilty and urged him to accept a sentence that was excessive.  An allegation of a violation of the constitutional right to effective assistance of counsel is evaluated under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), and adopted in Illinois by *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). The standard has two prongs, both of which must be satisfied for a defendant to prevail on an ineffective-assistance-of-counsel claim. First, the defendant must show that his "counsel's representation fell below an objective standard of reasonableness and that counsel's shortcomings were so serious as to deprive the defendant of a fair trial." (Internal quotation marks omitted.) *Albanese*, 104 Ill. 2d at 525. Second, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Id.* The reviewing court can address these requirements in either order. *Id.* at 527. A failure to satisfy either prong of the *Strickland* standard causes the allegation of ineffective assistance of counsel to fail; the court need not address both prongs. See *Strickland*, 466 U.S. at 670.

¶ 25    The defendant's claim that his attorney coerced him into pleading guilty is refuted by the record. At the guilty plea hearing the trial court asked the defendant whether he was satisfied with his attorney's performance and whether anyone had made any threats, promises, or offers in exchange for his plea of guilty. The defendant stated that he was

9

satisfied with counsel's performance and that no one had made any threats, promises, or offers in exchange for his guilty plea.

¶ 26    We also agree with OSAD that the defendant's claim that counsel was ineffective for allowing him to accept an excessive sentence is meritless. "If a sentence is within the statutory range, we presume it is not excessive." *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27. The range of possible terms of incarceration in this case was from 12 to 120 years. The defendant's sentence of 15 years' imprisonment is 105 years below the maximum sentence he could have received and barely above the minimum. His sentence is not excessive. Plea counsel cannot be ineffective for encouraging the defendant to take an excessive sentence when the sentence was not excessive.

¶ 27    Finally, we address the consequences, if any, of the defendant being admonished that the possible sentence was 6 to 30 years on each count instead of 6 to 60 years. Before accepting a guilty plea, the court must inform the defendant of the minimum and maximum sentence he faces if convicted of the crimes to which he pleads guilty. Ill. S. Ct. R. 402(a)(2) (eff. July 1, 2012). The rule, however, requires only substantial compliance. *People v Dougherty*, 394 Ill. App. 3d 134, 138 (2009); Ill. S. Ct. R. 402 (eff. July 1, 2012). "The failure to properly admonish a defendant, standing alone, does not automatically establish grounds for reversing the judgment or vacating the plea. *** Moreover, whether reversal is required for an imperfect admonishment depends on whether real justice has been denied or whether the defendant has been prejudiced by the inadequate admonishment. [Citation.]" *People v. Fuller*, 205 Ill. 2d 308, 323 (2002) There is no valid argument that real justice was denied or that the defendant was prejudiced. It is common sense that if the defendant

was willing to plead guilty to avoid the potential of a 60-year sentence, he was much more likely to plead guilty if he knew the maximum possible sentence was 120 years. There was also no prejudice to the defendant because he was sentenced inside the range to which the court admonished him.

¶ 28                                        CONCLUSION

¶ 29    None of the defendant's claims are supported by the record. In fact, the record contradicted the defendant's claims. This is fatal to each claim raised in the petition. The circuit court properly dismissed the defendant's postconviction petition. Therefore, we grant OSAD's motion to withdraw and affirm the decision of the circuit court of St. Clair County.

¶ 30    Motion granted; judgment affirmed.