(No. 42784.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. KENNETH WATSON, Appellant.

*Opinion filed January 14, 1972.*

MORTON ZWICK, Executive Director of Illinois Defender Project, of Chicago, (LINDA WEST, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and WILLIAM K. HEDRICK, Assistant State's Attorneys, of counsel,) for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendant appeals from a dismissal by the circuit court of Cook County of his post-conviction petitions after an evidentiary hearing.

On August 8, 1968, defendant pleaded guilty to the charge of burglary and was sentenced to a term of 4 to 8 years in the penitentiary. On March 6, 1969, he filed a petition for post-conviction relief (Ill.Rev.Stat. 1969, ch. 38, par. 122–1 *et seq.*) and appointed counsel filed a supplemental petition incorporating therein the transcript of proceedings in the original criminal action.

In substance the petitions allege: (1) that defendant was denied effective assistance of counsel in that his trial attorney did not prepare his case, secure witnesses, or consult with the defendant; (2) that his plea of guilty was not voluntarily given since he was coerced by his attorney's statement that he could be sentenced to 20 to 40 years in prison if the case went to trial; and (3) that defendant did not effectively waive his right to a jury trial in that the court did not inform him of his rights and of the effect of his waiver.

Defendant presents three issues on appeal: (1) he was denied due process of law in that he was coerced by the failure of his trial counsel to properly represent him; (2) his guilty plea was invalid in that he was not advised by the court of his constitutional right to a jury trial; and (3) he was denied due process of law because the court accepted the plea without a showing on the record that there was a factual basis of guilt. The final issue was waived by defendant in oral argument because of this court's recent decision in *People v. Nardi, 48 Ill.2d 111,* where we held that an inquiry into the factual basis of defendant's guilty plea was not required if the plea was entered prior to the effective date of Rule 402(c). (43 Ill.2d R. 402(c), effective September 1, 1970.) Thus we need consider only two of defendant's contentions.

In post-conviction proceedings the burden is upon the petitioner to demonstrate that he has been denied his constitutional rights. *(People v. Smith, 45 Ill.2d 399.)* To facilitate such a showing section 122–6 (Ill.Rev.Stat. 1969, ch. 38, par. 122–6) permits the court wide latitude in hearing evidence either by affidavits, depositions or oral testimony. Where witnesses are presented, we have held that the credibility and weight to be given the testimony is a matter to be determined by the trial judge and that determination is not to be questioned unless it appears to be manifestly erroneous. *People v. Logue, 45 Ill.2d 170, 174; People v. Downen, 45 Ill.2d 197, 201.*

Defendant was granted a full hearing upon the issues involved and his attorney was afforded a complete opportunity to present evidence as well as to cross-examine the original trial attorney. Based on the evidence adduced at the hearing the trial judge determined that the defendant did not establish constitutional inadequacy of his trial counsel. A review of the record indicates to us that the trial court's decision was not manifestly erroneous.

The defendant relies on *Boykin v. Alabama, 395 U.S.*

*238, 23 L.Ed.2d 274, 89 S.Ct. 1709,* to support his contention that the court failed to properly advise him of his right to a jury trial and the fact that his guilty plea would relinquish or constitute a waiver of that right. We do not so find. In *People v. Williams, 44 Ill.2d 334,* we held that *Boykin,* rendered June 2, 1969, does not apply retroactively. Moreover, the record indicates that the defendant was aware of his right to a jury trial as evidenced by his request for a jury. The jury was entering the courtroom at the time defendant decided to change his plea to guilty. Furthermore, having twice pleaded guilty to prior felonies, defendant evidently knew such a plea would result in a relinquishment or waiver of his right to a jury trial.

We therefore find that the circuit court of Cook County properly disposed of the post-conviction petitions and its judgment is affirmed.

*Judgment affirmed.*