THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN PATRICK BRITTAIN, Defendant-Appellant.

(No. 73-74;

Third District—May 22, 1974.

James Geis, of State Appellate Defender's Office of Ottawa, for appellant.

Robert E. Richardson, State's Attorney, of Ottawa, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant John Patrick Brittain appeals from an order of the Circuit Court of La Salle County denying his post-conviction petition. Defendant Brittain had pleaded guilty to armed robbery and escape, pursuant to a negotiated plea, and was sentenced to not less than 3 years nor more than 12 years for armed robbery and from 1 to 10 years for escape, with the sentences to be served concurrently. No direct appeal was taken in this case.

On appeal in this court, defendant asserts that the record failed to show that the trial court ascertained if defendant understood the nature of the charges to which he pleaded guilty. It is contended that this constituted a substantial denial of a constitutional right and, also, that this issue can be raised for the first time on appeal in a post-conviction proceeding.

From the record, it appears that on September 22, 1969, defendant Brittain entered into negotiated pleas of guilty as we have indicated, to the charges of armed robbery and escape. It appears that, in open court in presence of defendant, there was a detailing of the indictments and charges contained in each of the indictments by the prosecutor and a statement was made by the defendant's attorney that defendant desired to withdraw his not guilty pleas and to plead guilty. The court asked defendant his age and whether he was satisfied with his counsel and the advice given by his attorney. Defendant said he was and indicated that he discussed the change of plea with his attorney and was willing to accept the recommendation to plead guilty to Count I, armed robbery, in one indictment, and to Count II, escape, in the second indictment.

Other counts in the indictment were dismissed as agreed in the plea bargaining arrangement. In response to an inquiry by the court, the prosecutor stated that punishment for armed robbery could be an indeterminate term up to life and not less than 2 years, and that the penalty was 1 to 10 years for escape. The court inquired of defendant if he realized the sentences which could be imposed and defendant said he understood the punishments which could be imposed. The court then specifically inquired if defendant had anything further to say and defendant replied in the negative. The court also inquired of defendant if he understood, that if his plea of guilty was accepted he stood convicted of the offenses of armed robbery and escape, the court could impose punishment under the law. Defendant said he understood what the court was telling him. Defense counsel, also, in the presence of the court and defendant, stated that he explained to the defendant several times that defendant had the right to trial by jury and that defendant knowingly and freely entered the pleas of guilty. At the conclusion of the proceedings the court advised defendant of his right to file notice of appeal. Defen-

dant states that the court did not instruct him of the time limitation for filing such notice of appeal. A notice of appeal was filed on December 2, 1969, but no direct appeal proceeding was ever pursued. Defendant Brittain filed a pro se post-conviction petition in the circuit court. Counsel was appointed, and an amended petition for post-conviction relief was filed. As previously indicated, such petition was denied by the trial court.

At the time of defendant's plea of guilty to the charges, Supreme Court Rule 401 governed the acceptance of such guilty pleas and in section (b) of such Rule (Ill. Rev. Stat. 1969, ch. 110A, § 401(b)), it is provided that the court should not permit a plea of guilty unless the court finds from the proceedings had in open court that defendant "understands the nature of the charges against him."

It is noted that the issue now before us was not raised in either the pro se or amended post-conviction petition, but is raised for the first time in this court, presumably on the premise that the record does not show affirmatively that the trial court admonished defendant as to the nature of the charges to which he entered the pleas of guilty. It is apparent from the record that defendant was told of the charges to which he was pleading guilty and that he selectively pleaded guilty to one charge of armed robbery and one of escape, and that other charges contained in the indictments were dismissed.

■■■ While we have discussed the actual record and believe that there was substantial compliance with Rule 401(b) by the trial court (*People v. Mendoza*, 48 Ill.2d 371), we must note specifically that the Supreme Court of this State has indicated that Supreme Court Rule 401(b) in force at the time of defendant's plea of guilty, is described by our supreme court as not constitutionally mandated. (*People v. Nardi*, 48 Ill.2d 111, 116.) A distinction is made between rights of a defendant which are conferred by statute and those which are predicated on constitutional doctrine. (*People v. Orndoff*, 39 Ill.2d 96, 99.) The issue is not properly raised in a post-conviction proceeding. It is obvious, therefore, that the trial court properly dismissed the post-conviction proceeding.

■■ We should add also that there was compliance with Supreme Court Rule 605 (Ill. Rev. Stat. 1969, ch. 110A, § 605). The trial court advised defendant of his right to appeal following his pleas of guilty. There is no requirement that the court specifically instruct defendant as to a time limitation for filing such notice of appeal, and the failure to do so does not raise a question of constitutional dimension which would support post-conviction relief. *People v. Cox*, 53 Ill.2d 101.

The order of the Circuit Court appealed from in this cause is affirmed.

Affirmed.

SCOTT, P. J., and STOUDER, J., concur.