THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DALE NEUHALFEN *et al.*, Defendants-Appellants.

(No. 72-323;

Fifth District—June 26, 1975.

Robert E. Farrell and Stephen P. Hurley, of Mt. Vernon, and Brenda E. Richey, of Chicago, all of State Appellate Defender's Office, for appellants.

Byron L. Connell, State's Attorney, of Mound City (Ralph J. Mendelsohn, of State's Attorneys Task Force, and Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendants-appellants, Dale Neuhalfen and Waldmaer Rodriguez, appeal from an order of the Circuit Court of Pulaski County denying their petition for post-conviction relief filed with regard to several convictions entered upon pleas of guilty.

On June 6, 1971, the defendants were arraigned on two felony and four misdemeanor charges which consisted of felony theft, possession of a stolen motor vehicle, misdemeanor escape, criminal damage to property, and disorderly conduct. Defendant Rodriguez was also charged with battery, and defendant Neuhalfen was charged with assault. Counsel were appointed to represent each defendant.

On June 30, 1971, the court allowed appointed counsel to withdraw, after the defendants appeared and requested to proceed pro se. The court then accepted the defendants' negotiated pleas of guilty to the charges of escape and criminal damage to property. The defendants were sentenced to 30 days in the county jail on each charge and given credit for time already served. As part of the agreement, the assault and battery charges, respectively, were dismissed. The court had previously dismissed the disorderly conduct charges.

After a short recess, the court also accepted the negotiated guilty plea to the felony charges of theft (over $150) and possession of a stolen motor vehicle. The defendants stated that no threats or promises had been made to force them to plead guilty. As part of the plea negotiations it was agreed that the State's attorney would recommend a 30-day sentence on the misdemeanor charges, and concurrent sentences of 2 to 4 and 2 years' imprisonment on the charges for theft (over $150) and possession of a stolen motor vehicle respectively. The court sentenced the defendants in accordance with the State's attorney's recommendation. At the close of the proceedings, the State's attorney questioned the defendants about the treatment they had received in the Pulaski County jail. They answered that they had been satisfied with the meals and

living conditions. The defendants did not exercise their right to the direct appeal.

On January 3, 1972, the defendants petitioned the circuit court for post-conviction relief. A hearing was subsequently held on the State's motion to dismiss. However, no record of proceedings was made of this hearing. The order of the circuit court indicated that the court found that none of the defendants' constitutional rights had been violated. Two of the defendants' requests for relief were nonetheless granted. The court vacated the defendants' sentences on the misdemeanor charges of escape and criminal damage to property. In addition, the court set aside each defendant's determinate sentence for possession of a stolen motor vehicle and imposed an indeterminate sentence of 1 to 2 years. The sentences for the theft (over $150) were, however, upheld. Finally, the court granted the State's motion to dismiss the remaining portions of the post-conviction petition without an evidentiary hearing.

On appeal, the defendants raise two questions for review. The defendants contend that the trial court erred in denying their post-conviction petitions because their guilty pleas had been accepted without any showing of a factual basis for the pleas. They also state that an evidentiary hearing should have been conducted to determine whether or not they had been coerced into pleading guilty by the intimidation and threats of the deputy sheriff at the Pulaski County Jail.

■■ In order for a claim to be properly recognized under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1) it must allege a substantial denial of the petitioner's rights arising under the Federal or State constitutions. (*People v. Newberry,* 55 Ill.2d 74.) In a post-conviction proceeding the burden is on the petitioner to demonstrate that his constitutional rights have been violated. *People v. Watson,* 50 Ill.2d 234.

■■ Defendants contend that the trial court erred in failing to determine that a factual basis existed for the plea. The question whether such a failure is cognizable in post-conviction proceedings is in some dispute. The Appellate Court for the Fourth District has held that failure to comply with Rule 402(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(c)) is a denial of substantial constitutional rights. (*People v. Miller,* 19 Ill.App.3d 864, 312 N.E.2d 352.) The Third District has held that Rule 402(c) is not constitutionally mandated. (*People v. Holvey,* 17 Ill. App.3d 809, 308 N.E.2d 622.) In *People v. Morlan,* 23 Ill.App.3d 1038, we quoted the *Miller* case with approval. The instant case, however, differs substantially from *Morlan.* There we found almost no compliance with Rule 402 and no showing that the plea was entered knowingly,

intelligently and voluntarily. In the instant case, we believe the record clearly shows that the plea was voluntary and knowing. Defendant's claim of coercion, discussed below, is without merit. Otherwise no claim is made that the plea was not voluntary or that they were not in fact guilty of the offenses charged. We do not believe that compliance with Rule 402(c) is constitutionally mandated. Thus, the issue is not cognizable in post-conviction proceedings.

■■ Defendants finally contend that an evidentiary hearing should have been held to determine the validity of his assertion that the guilty pleas entered were the result of coercion and mistreatment while the defendants were imprisoned in the Pulaski County Jail. While there can be no doubt that the coercion of a guilty plea is an error of constitutional dimension which is properly cognizable in post-conviction proceedings (*Machibroda v. United States*, 368 U.S. 487, 7 L.Ed.2d 473, 82 S.Ct, 510), it is also well settled that an evidentiary hearing is not required where the defendants claim can be adjudicated based upon the record from the former proceeding. (*People v. Derengowski*, 44 Ill.2d 476.) In the instant case, the State's attorney specifically questioned each petitioner about the treatment in the county jail and elicited answers indicating that they were well treated and not threatened or coerced to plead guilty. Thus, it appears on the record that defendants claim is without merit. But the defendants cite *People v. Crislip*, 20 Ill.App.3d 175, wherein we reversed the denial of a post-conviction petition without a hearing where the petition alleged coercion of the plea. In *Crislip*, however, we noted that the determination of voluntariness was merely pro forma and that the defendant, if actually threatened or coerced, would likely not relate his fears in court in response to a single question. In the instant case, however, defendants were given ample opportunity to voice objections to treatment while in custody. The State's attorney's questions were as solicitous as possible and the responses which appear of record clearly contradicted the allegations averred in the petition. In light of the evidence spread upon the record during the guilty plea proceedings, we do not believe that anything to which defendants could testify at a hearing would warrant vacation of the guilty pleas.

The judgment of the Circuit Court of Pulaski County dismissing the post-conviction petitions without a hearing is affirmed.

JONES, P. J., and G. MORAN, J., concur.