THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL J. BALLAY, a/k/a EDWARD SMITH, Defendant-Appellant.

(No. 60518;

First District (4th Division)—July 9, 1975.

James J. Doherty, Public Defender, of Chicago (Marilyn D. Israel, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and William J. Stacy, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Cook County denying defendant's post-conviction petition.

The issues presented on appeal are (1) whether the trial court properly dismissed defendant's post-conviction petition without an evidentiary hearing; and (2) whether the trial court erred in sentencing defendant to concurrent sentences of 9 to 15 years on all seven indictments.

The defendant, Carl J. Ballay, a/k/a Edward Smith, was indicted for two counts of rape, one count of attempt rape, three counts of armed robbery, three counts of aggravated assault, and one count of theft. On the day of his scheduled trial, defendant requested a continuance in order to obtain a new attorney since he felt his present attorney was not doing what defendant thought could be done. The trial court denied defendant's request and rejected defendant's claim that his attorney was incompetent. A recess was then taken, during which the defendant conferred with members of his family and his attorney.

Upon resumption of the proceedings, defendant's attorney informed the court that defendant wished to change his plea to guilty. Thereupon, the trial judge questioned defendant as to his plea. The defendant reaffirmed his desire to plead guilty. The court inquired if defendant understood a plea of guilty waived his right to trial by jury. Defendant answered he understood. The trial judge then admonished the defendant as to the possible penal consequences of his guilty plea. The defendant indicated he understood, and added he was pleading guilty "[b]ecause I am guilty." The court then listed all the indictments, naming the major charge under each one. After defendant informed the court he understood all this, the trial judge accepted defendant's guilty pleas and found defendant guilty on all seven indictments. The court sentenced defendant to a term of 9 to 15 years on each of the seven indictments, the sentences to run concurrently.

Defendant did not appeal from the judgment of the trial court, but filed a post-conviction petition on April 27, 1972, and a supplemental petition on October 3, 1973. Defendant's petition was dismissed by the trial court on November 21, 1973, without an evidentiary hearing. From the dismissal of his post-conviction petition, defendant now appeals.

The defendant first contends the trial court erred in dismissing the post-conviction petition without an evidentiary hearing. Defendant maintains his constitutional right to due process of law had been violated in that: (1) the trial court failed to state the nature of the offenses with which defendant was charged; (2) the court failed to admonish defendant of the penalties prescribed by law for the offenses with which he was charged; and (3) the trial court failed to determine whether defendant's pleas were entered voluntarily and knowingly.

■■ The rule of procedure in effect at the time defendant's pleas of guilty were accepted by the trial court was Supreme Court Rule 401(b)

(Ill. Rev. Stat. 1969, ch. 110A, § 401(b)), which provided, in pertinent part:

> "The court shall not permit a plea of guilty * * * unless the court finds from proceedings had in open court * * * that he [the accused] understands the nature of the charge against him, and the consequences thereof if found guilty * * *."

The purpose of Supreme Court Rule 401 was to establish a procedure which would ensure the knowing and voluntary entry of guilty pleas. (*People v. Rivers* (1961), 22 Ill.2d 590.) It was not necessary, under Supreme Court Rule 401, that the trial court state all of the acts which constituted an offense in order for the defendant to understand the nature of the charge against him. In the present case, the trial court, prior to accepting defendant's pleas of guilty, informed the defendant of the names of all the offenses with which he was charged, and determined from defendant that he understood those charges. We believe that by naming the charges against the defendant, the trial court effectively admonished defendant of the nature of the charges in compliance with Supreme Court Rule 401. The appellate court, in *People v. New* (1975), 25 Ill.App.3d 605, has recently stated that Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, § 402), which replaced the more lenient standards of Supreme Court Rule 401 with even more stringent requirements, does not require a trial judge to recite all the facts which constitute an offense. The court held that merely stating the name of the charge is sufficient to apprise the defendant of the nature of the offense charged.

■■ The object of the admonishment of the court is to inform the defendant of the consequences of his plea of guilty and to give him the right to withdraw his plea of guilty if he so desires after hearing those consequences. (*People v. Kontopoulos* (1962), 26 Ill.2d 388.) With regards to the possible penalties for the offenses with which defendant was charged, the court in the present case admonished the defendant as follows:

> "The Court: You also know that on a finding of guilty of robbery and rape I can sentence you to the penitentiary for not less than 4 years and up to any number of years?
>
> The Defendant: Yes, sir. I understand.
>
> The Court: The sentence on aggravated assault and the—
>
> Assistant State's Attorney: Attempted rape.
>
> The Court:—are less than that but the maximum on all these is: on the rape, is 4 to any number of years greater than 4; and robbery is from 2 to any number of years greater than 2. You realize that?

The Defendant: Yes, sir * * *."

In our opinion, when the trial court advised the defendant of the maximum penalties for the offenses of rape and armed robbery, the object of the admonishment was fully accomplished. The rape and armed robbery charges carried with them the most severe penalties, of which the defendant was admonished. The court also informed the defendant the other charges involved lesser penalties. In *People v. Marshall* (1961), 23 Ill.2d 216, the supreme court held it was a sufficient admonishment to inform the defendant of the possible penalty for the more serious charge in a two-count indictment. In *Marshall,* as in the instant case, the trial court referred to armed robbery as robbery, but advised defendant of the maximum penalty under the indictment. The supreme court stated the defendant was not prejudiced, "since the indictment was sufficiently identified and [defendant] was advised of the maximum penalty under the indictment." In the case of *People v. Bratu* (1970), 121 Ill.App.2d 439, the appellate court held that stating the maximum penalty for a possible 10-year to life sentence as "any number of years not less than ten years" satisfied the requirement that the trial court inform the defendant of the maximum penalty to which he could be sentenced prior to accepting his plea of guilty. In his brief to this court, defendant cited *People v. Weakley* (1970), 45 Ill.2d 549, for the proposition that the trial court's failure to admonish defendant of the minimum sentence prescribed by law requires a new trial. Defendant has incorrectly relied on *Weakley*. In that case, the supreme court reversed and remanded for a new trial not because the court failed to advise defendant of the minimum penalty provided by law, but because the court did not advise defendant as to the maximum penalty which could be imposed upon acceptance of the plea of guilty. As previously mentioned herein, defendant in the present case was advised of the maximum penalties prescribed by law and, therefore was not denied due process of law.

Before accepting defendant's pleas of guilty, the trial court asked defendant why he was pleading guilty. Defendant replied, "Because I am guilty." The court repeatedly asked the defendant if he understood the consequences of his guilty pleas, and defendant always answered that he understood. It is therefore clear from the record that the trial court determined defendant's guilty pleas were voluntarily and knowingly given.

Defendant further contends the trial court erred in sentencing him to terms of 9 to 15 years for the offenses of aggravated assault and theft. The State concedes the sentences for those charges were improper and should be reduced, but maintains the sentences for rape and armed robbery were within the statutory limits.

██ The penalty for aggravated assault at the time of defendant's conviction was 1-year imprisonment. (Ill. Rev. Stat. 1967, ch. 38, § 12—2.) The penalty for the crime of theft was 1 to 10 years' imprisonment. (Ill. Rev. Stat. 1967, ch. 38, § 16—1.) The trial court imposed concurrent sentences of 9 to 15 years on the aggravated assault and theft charges. Such sentences clearly did not conform to the statutory requirements and must be modified. This court, under the authority granted to it by Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1973, ch. 110A, § 615(b)(4)), therefore reduces defendant's sentence for aggravated assault to 1 year in prison and reduces the sentence for theft to 1 to 10 years' imprisonment. The sentences of 9 to 15 years for the offenses of rape and armed robbery will not be modified. All sentences are to run concurrently.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed in part and modified as directed.

Affirmed in part and modified in part.

BURMAN and JOHNSON, JJ., concur.