THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LARRY S. HARRIS, Defendant-Appellant.

Third District    No. 80-234

Opinion filed December 23, 1980.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

James E. Hinterlong, State's Attorney, of Ottawa (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

On July 8, 1976, the defendant, Larry S. Harris, entered a negotiated plea of guilty to murder and was sentenced to a term of imprisonment of not less than 14 nor more than 50 years. No motion to withdraw the plea was filed nor was a direct appeal taken. On July 11, 1978, the defendant filed a post-conviction petition alleging several grounds for relief. The trial court dismissed two of those grounds without the benefit of an evidentiary hearing: that his guilty plea was involuntary because it was induced by an unfulfilled promise by the state's attorney; and that the defendant's counsel misrepresented the sentence imposed if the defendant were to plead guilty. The other allegations were dismissed following an evidentiary hearing. The defendant appeals the trial court's denial of an evidentiary hearing.

The defendant was charged by information on March 18, 1976, with two counts of murder in violation of section 9—1 of the Illinois Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 9—1). On July 8, 1976, the State, the defendant and his counsel, Peter Ferracuti, reached a tentative plea agreement. The agreement was presented to the trial judge first in his chambers to ascertain whether the court would concur with the tentative agreement. As part of the agreement, the State agreed to dismiss one count of information and not object to the sentence recommendation. In return, the defendant agreed to plead guilty to murder and accept a sentence of not less than 14 nor more than 50 years of imprisonment.

The court asked the defendant whether "the sum and substance" of the plea agreement was revealed. The defendant answered yes. The court inquired whether any threats or other promises were made to the defendant. He answered no. The court asked him whether the agreement included "any discussion concerning possible parole." Again he answered no. The court then admonished the defendant that the court and the state's attorney had no control over any parole situation. Again the defendant denied that any promise had been made as to what might happen on parole. His counsel, Peter Ferracuti, added:

> "[F]or the record, your Honor, I might say, and the Defendant has indicated that there was no promise made to him to induce his plea along that line, but the State has indicated that they will not object to any parole so far as they have any control, and I am talking about Mr. Yackley [the state's attorney]. And I have told the Defendant that Mr. Yackley may not be the State's Attorney four years from now, and in which case whatever recommendation he would make would be as a citizen only."

The trial judge then proceeded to hear the defendant's guilty plea in open court. The state's attorney then repeated the contents of the plea

agreement as indicated above. The court specifically asked defense counsel whether the statements fully and correctly set forth the results of his negotiations with the state's attorney. Mr. Ferracuti responded that they did. Again, in open court, the court asked the defendant if any promises were made to him other than the recommendations of the plea negotiations. Once again, the defendant declared that no other inducements were made. The court explained the terms of the negotiated sentence to the defendant again. The court then accepted the guilty plea and on August 5, 1976, it sentenced him to not less than 14 nor more than 50 years of imprisonment.

On March 23, 1977, he filed a *pro se* petition for habeas corpus. Subsequently, on July 11, 1978, the defendant, with appointed counsel, filed a petition for post-conviction relief supported by affidavits from himself and his former counsel. The petition alleged two constitutional violations: that the negotiated plea was involuntary because the state's attorney failed to fulfill his promise to write a favorable recommendation to the Department of Corrections pursuant to section 5—4—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par 1005—4—1 (d)) and because his counsel promised that the defendants would be sentenced to only five years of imprisonment if he pleaded guilty; and that the defendant was denied effective assistance of counsel because of Ferracuti's alleged failure to interview certain witnesses. The State responded with a motion to dismiss the petition.

On March 23, 1980, the motion to dismiss was heard. The defendant alleged that, in addition to the plea agreement contained in the record, he also agreed that if he pleaded guilty to count II the state's attorney would write a favorable recommendation or "pen letter" to the Parole Board. However, the state's attorney's recommendation sent to the Parole Board on August 31, 1976, not only failed to state the favorable information, but also falsely indicated that the defendant was convicted on three counts of sodomy and one count of stabbing a sailor in 1959. The letter, while providing the Parole Board with that unfavorable information, made no sentencing recommendation. The defendant's allegation of that additional, off-the-record promise between himself and the state's attorney was supported by affidavits from the defendant and his counsel, Ferracuti. The defendant argued that the unfulfilled promise rendered his guilty plea involuntary. The trial court reviewed the trial record and the supporting affidavits in a light most favorable to the defendant, but refused to entertain testimony. It concluded that the defendant failed to prove an off-the-record agreement as alleged and summarily dismissed that portion of his petition.

The petition also alleged that the defendant's counsel, Ferracuti, instructed him that if he answered positively to the trial court's Rule 402

admonitions, he would be paroled in five years. That allegation was supported only by the defendant's affidavit. The trial court, after reviewing the trial record and affidavit, found no basis for that allegation and summarily dismissed that portion of the petition. The charge that the defendant was denied effective assistance of counsel was dismissed after an evidentiary hearing. The defendant appeals the denial of an evidentiary hearing on these two allegations contained in his post-conviction petition.

■■ A proceeding under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*) is a collateral proceeding for determining whether any constitutional violations occurred in the original conviction which were not already adjudicated. (*People v. Ashley* (1966), 34 Ill. 2d 402, 216 N.E.2d 126.) The petition does not provide for the redetermination of the trial court's verdict. (*People v. Orndoff* (1968), 39 Ill. 2d 96, 233 N.E.2d 378.) Instead, the function of the petition is to determine whether the defendant's alleged constitutional violations merit an evidentiary hearing. Thus, where the petition fails to present a substantial State or Federal constitutional violation, the trial court may dismiss the nonmeritorious petition without an evidentiary hearing. (*People v. Collins* (1968), 39 Ill. 2d 286, 235 N.E.2d 570.) In the post-conviction proceeding, the defendant has the burden of proof to demonstrate a constitutional violation of his rights. (*People v. Watson* (1972), 50 Ill. 2d 234, 278 N.E.2d 79.) In *People v. Derengowski* (1970), 44 Ill. 2d 476, 256 N.E.2d 455, the supreme court declared that a defendant's post-conviction petition can be adjudicated upon the basis of the petition, supporting affidavits and the record of the former proceedings. The supreme court in *People v. Smith* (1969), 42 Ill. 2d 547, 554, 248 N.E.2d 85, 89, declared that a post-conviction petition can be dismissed without an evidentiary hearing where "it seems incredible that any fact finder would believe defendant if he now testified. It was not an abuse of discretion to deny his request to be present."

In two subsequent cases, *People v. Harris* (1971), 50 Ill. 2d 31, 276 N.E.2d 327, and *People v. Spicer* (1970), 47 Ill. 2d 114, 264 N.E.2d 181, the Illinois Supreme Court affirmed the summary dismissal of a post-conviction petition relying on *Smith*. In *Harris*, the petition alleged that the defendant's plea was coerced because his counsel had threatened to withdraw from the case if the defendant did not plead guilty. The record indicated, however, that during the trial court's admonitions to the defendant prior to accepting his guilty plea, he informed the court that he was satisfied with his counsel and that no threats were made to induce his guilty plea. The court, in affirming the summary dismissal, found the defendant's allegations too incredible to believe in light of the trial transcript and ruled that his post-conviction testimony would not add to the trial court's decision. In *Spicer*, the defendant's post-conviction

petition alleged that his guilty plea was involuntary because it was induced by the prosecutor's unfulfilled promise that the defendant would receive probation. The trial court summarily dismissed the petition. The supreme court affirmed, finding no abuse of discretion by the trial court. The court, relying upon his denial in open court that such a promise existed, his failure to complain about the sentence at the sentencing hearing, and his failure to include the allegation in his motion to withdraw his guilty plea, found ample grounds for the trial court's dismissal without an evidentiary hearing.

■■ In the instant case, the defendant points to *People v. Crislip* (1974), 20 Ill. App. 3d 112, 312 N.E.2d 703, to support his claim that an evidentiary hearing is required where the petition sets forth a prima facie constitutional violation based upon matters outside the record. In *Crislip*, the post-conviction petition alleged that the defendant's guilty plea was coerced by threats from his jailers. The petition was summarily dismissed by the trial court on the grounds that the allegations were thoroughly refuted by the record. The appellate court characterized the issue as whether the defendant lost his right to a post-conviction hearing when he pleaded guilty, but prior thereto he answered that his plea was voluntary. The court, referring to the record, called the trial court's inquiries into the voluntariness of the guilty plea *pro forma* and, therefore, the record was not a sufficient basis upon which to summarily dismiss the petition. Implicit in *Crislip* is the suggestion that had the trial court diligently questioned and admonished the defendant regarding the circumstances of his guilty plea, the record would have provided a sufficient basis for summarily dismissing the petition. See *People v. Neuhalfen* (1975), 29 Ill. App. 3d 461, 331 N.E.2d 347, where *Crislip* was limited to a *pro forma* investigation of the voluntariness of the plea.

In the case at bar, the defendant first alleges that his guilty plea was involuntary because it was caused in substantial part by an unfulfilled promise by the state's attorney to write a favorable "pen letter." The rule is well established that an unfulfilled promise which induced the defendant's plea, renders the plea involuntary even though facts may be independently established to verify his guilt. (*Santobello v. New York* (1971), 404 U.S. 257, 30 L. Ed. 2d 427, 92 S. Ct. 495; *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289.) The defendant argues that because his allegations in the post-conviction petition took place off the record, he should have received an evidentiary hearing. (*People v. Crislip* (1972), 20 Ill. App. 3d 175, 312 N.E.2d 830.) We disagree. The trial court assiduously questioned the defendant to determine the factual basis of the negotiated plea. While the trial court did not specifically ask the defendant whether a promise was made by the state's attorney to write a favorable letter to the Parole Board, the court did intensively interrogate him about all promises made during the plea negotiations. The defendant and his counsel stated

unequivocally that no promises were made other than the agreement in the record. The record gives more than an adequate foundation for the trial court to find that the statements clearly contradict the allegations averred in the petition and affidavits. The trial court did not abuse its discretion in summarily dismissing that allegation.

■■ Second, the defendant alleged in his petition that his attorney instructed him that if he "went along" with the trial court's admonitions and entered his guilty plea, he would be paroled in five years. Thus, he alleged, he was denied effective assistance of counsel. Such a constitutional violation may be raised in a post-conviction proceeding. (*People v. Williams* (1970), 47 Ill. 2d 1, 264 N.E.2d 697.) The issue here is whether the trial court abused its discretion when it dismissed the allegation without the benefit of an evidentiary hearing. We find no abuse of discretion. The allegation is supported only by the defendant's affidavit. His attorney, testifying regarding other allegations in the petition, unequivocally denied giving any such instructions to his client. Before the trial court accepted the defendant's guilty plea, it specifically asked him several times whether any promises other than these in the record were made during negotiations concerning sentencing and parole. The defendant replied no. Further, he testified that he understood the agreed-upon 14-year minimum sentence. He failed to object to his sentence both when entering his plea and at the sentencing hearing. The defendant's allegation that his counsel told him to respond favorably to the trial court's admonitions in return for a five-year sentence is too incredible for this court to believe in light of the record. The trial court did not abuse its discretion in summarily dismissing the allegation.

Accordingly, the order of the Circuit Court of La Salle County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.