THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DAVID L. CORBY, Defendant-Appellant.

Fifth District. No. 5—84—0552

Opinion filed December 16, 1985.

Randy E. Blue and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Dick Allen, State's Attorney, of Edwardsville (Kenneth R. Boyle, Stephen E. Norris, and Julianne Cordts, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

At issue in the instant case is whether the defendant should have been allowed to withdraw his guilty pleas because of his reliance upon defense counsel's representation as to the good time policy of the Department of Corrections which, although correct at the time made, was

subsequently rendered inaccurate because of the Department's change of policy following the supreme court's decision in *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 454 N.E.2d 322. As an additional issue, we consider whether the trial court properly refused to modify the defendant's sentence more than 30 days after the date of sentencing. We affirm.

At a hearing on March 16, 1983, the defendant, David Corby, pleaded guilty to charges of attempted armed robbery and armed robbery. As part of the plea negotiations it was agreed that the State would recommend a sentence of 17 years and the defendant would ask for a 10-year sentence. The defendant was admonished by the court and indicated that he understood his rights, that he was satisfied with his attorney's representation, and that he was pleading guilty voluntarily without threats or promises.

At the defendant's sentencing hearing on April 27, 1983, the court commented upon the seriousness of the defendant's crimes and observed that he had a long criminal history. The court found, however, that the defendant also had a significant potential for rehabilitation because of his vocational training. The court sentenced the defendant to 14 years' imprisonment on each offense, with the sentences to run concurrently.

On May 23, 1983, the defendant filed a letter with the court indicating his desire to withdraw his guilty pleas, which the court ordered to be treated as a timely *pro se* petition. The defendant's counsel during the plea proceedings, James Hackett, was appointed to represent him, but the record did not show that Mr. Hackett was notified of the appointment, and he took no action for the defendant. The defendant subsequently retained another attorney, Robert Carter, who, on July 23, 1984, filed an amended motion to withdraw the defendant's guilty pleas and a motion to modify the defendant's sentence by reduction.

At a hearing on the defendant's motions on August 14, 1984, the defendant's counsel and the State entered into a stipulation regarding the defendant's guilty pleas. It was stipulated that the defendant's attorney at the time of the pleas, James Hackett, told the defendant before he pleaded guilty that his sentence would be reduced by time spent in jail prior to trial,

> "that in addition, he would get ninety days additional good time credit for every year of his sentence, providing he behaved himself and obeyed the rules in the Department of Corrections, that he would also get day for day good time and that there was a possibility that he would get additional good time for completing his high school education, college credit, and matters like that."

Defense counsel stated with regard to the motion to withdraw guilty pleas that Mr. Hackett had explained the good time credit that could be awarded to the defendant but that, after sentencing, the Illinois Supreme Court had rendered a decision affecting the Department of Corrections' policy on good time and the defendant could no longer get that credit. Defense counsel argued that, as a result, the defendant was prejudiced by relying on his attorney's erroneous advice since, based upon his 14-year sentence, he would have received an additional good time credit of two years and 90 days under the Department's former policy. The defendant's counsel agreed, however, that Mr. Hackett's advice was correct when he gave it, as the decision requiring the change in the Department's policy was entered on August 29, 1983, more than four months after the defendant was sentenced.

The court found the defendant's argument to be unpersuasive, observing that since Mr. Hackett's advice was a correct statement of the law when given, he had not been shown to be incompetent. The court further noted that the defendant had been properly admonished before entering his guilty pleas and had indicated that he was pleading voluntarily without threats or other promises. Moreover, the court stated, since the defendant could have been sentenced to anywhere between 10 and 17 years, any calculation of good time credit based upon a hypothetical sentence of 14 years would have been inaccurate. Finally, the court found that the defendant by his argument was trying to seek the benefit of a policy of the Department of Corrections that the supreme court had declared to be illegal and that the Department's awards of good time credit were, in any event, matters of discretion upon which the defendant was not entitled to rely. The court accordingly denied the defendant's amended motion to withdraw his guilty pleas.

With regard to the defendant's motion for modification of sentence, the court initially considered whether such motion was timely where brought more than 30 days after sentencing. Since the untimeliness of the defendant's motion resulted from the failure of his court-appointed attorney to take any action on the defendant's behalf following his initial motion to withdraw guilty pleas, the court decided to consider the defendant's motion for modification of sentence. The defendant presented evidence, stipulated to by the State, that the defendant, since his incarceration, had completed his G.E.D., had maintained his membership in the Boilermakers' Union, had taken college orientation tests and received a perfect score, had completed three semesters of college courses, and was attending a Narcotics Anonymous program. The court declined to consider this evidence of the defendant's conduct since his incarceration, reasoning that his accomplish-

ments while incarcerated were more appropriate for consideration by the Department of Corrections in awarding good time credit or setting a release date. The court observed, however, that it had weighed the factor of the defendant's rehabilitative potential along with the seriousness of the crime charged at the defendant's original sentencing hearing and had recognized the defendant's significant rehabilitative potential in imposing sentence. The court, therefore, denied the defendant's motion to modify sentence by reduction.

On appeal from denial of these motions, the defendant first contends that the trial court's refusal to grant his motion to withdraw guilty pleas constituted an abuse of discretion where the pleas were based upon his counsel's erroneous advice regarding the Department of Corrections policy of awarding good time credit. At the time of the defendant's guilty pleas and sentencing, the Department interpreted the statutory provision for the award of good time credit (Ill. Rev. Stat. 1983, ch. 38, par. 1003—6—3(a)) as only limiting the amount of good time that could be awarded to an inmate at any one time. The supreme court subsequently found this interpretation to be erroneous, holding that the Department could grant no more than an accumulated total of 90 days' good time credit. (*Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 454 N.E.2d 322.) Since the Department could no longer make multiple awards of the maximum 90 days' good time credit once the defendant was incarcerated, the defendant asserts that he was prejudiced by his attorney's representation of the Department's former policy leading to an inaccurate estimate of the length of time he would be incarcerated.

It is settled that a defendant has no absolute right to withdraw his guilty plea, and permission to withdraw a plea of guilty rests within the sound discretion of the trial court. (*People v. Thompson* (1975), 29 Ill. App. 3d 334, 330 N.E.2d 535.) While a court should permit the withdrawal of a guilty plea that was based upon a misapprehension of the facts or law or that resulted from misrepresentations by counsel or another in authority,

> "the mere fact *** that an accused knowing his rights and the consequences of his act, hopes and believes that he will receive a shorter sentence or milder punishment by pleading guilty *** presents no ground for permitting the withdrawal of the plea after he finds that his expectation has not been realized." (*People v. Walston* (1967), 38 Ill. 2d 39, 42, 230 N.E.2d 233, 235.)

Thus, a guilty plea induced by an unfulfilled promise of leniency is involuntary and therefore void; however, a guilty plea made in reliance upon advice of counsel estimating a sentence to be expected is a voluntary plea. (*People v. Willis* (1977), 50 Ill. App. 3d 498, 365 N.E.2d 597.)

A plea of the latter sort, based upon "a prediction rather than a promise," would not be rendered involuntary when such prediction was unfulfilled. *People v. Willis* (1977), 50 Ill. App. 3d 498, 504, 365 N.E.2d 597, 602 (counsel's statement to defendant that he would "probably" receive concurrent sentences did not result in involuntary plea when prediction was not realized).

The representation of counsel complained of in the instant case did not concern the length of sentence to be received by the defendant but, rather, related only to the amount of actual time to be served by the defendant of the sentence given. Since the awarding of good time credit leading to early release lies within the discretion of the Department of Corrections and rests upon factors occurring after the defendant's incarceration that necessarily cannot be foreseen at the time of conviction and sentence, defense counsel's statement about the possibility of such early release must be regarded as a prediction only, rather than a promise that could be fulfilled as part of the plea agreement. Thus, the defendant's calculation of actual time to be served, although based upon his counsel's representation as to good time credit, could only be an estimate subject to several factors, including the defendant's behavior while in prison, possible credit for completion of educational goals, and the continuation of the Department's good time policy.

The contingency inherent in the awarding of good time credit was communicated to the defendant here by his counsel's statement, as stipulated to by the defendant, that the defendant would get the credit in question *"providing* he behaved himself and obeyed the rules in the Department of Corrections." (Emphasis added.) The defendant was thus put on notice that the award of good time credit was a possibility within the discretion of the Department of Corrections and not a promise or guarantee. Because of this contingency the defendant cannot claim that he was prejudiced so as to be entitled to withdraw his guilty pleas when the Department later changed its policy as to the amount of good time credit that could be awarded.

The instant case is distinguishable from the recent decision of the supreme court in *People v. Correa* (1985), 108 Ill. 2d 541, cited by the defendant. In *Correa* the court held that the defendant's guilty pleas were involuntary where the defendant had been erroneously advised by his counsel that his pleas would not result in deportation proceedings. The court's decision turned upon its finding that counsel's advice, erroneous when given, constituted ineffective assistance of counsel, rendering the defendant's pleas, made in reasonable reliance on this advice, involuntary. Citing *McMann v. Richardson* (1970), 397

U.S. 759, 770-71, 25 L. Ed. 2d 763, 773, 90 S. Ct. 1441, 1448-49, the *Correa* court noted that there is no requirement, for a guilty plea to be intelligently and voluntarily made, that all advice offered by counsel prior to the plea withstand retrospective examination in a post-conviction proceeding. Rather, it is sufficient if that advice be within the range of competence demanded of attorneys in criminal cases. Because, as observed by the trial court in the instant case, counsel's representation here as to the good time policy of the Department was correct when given, there was no alleged incompetence of counsel, and the defendant's pleas cannot be said to be involuntary as not having been intelligently made.

For these reasons and those stated by the trial court, we find no abuse of discretion in the trial court's denial of the defendant's motion to withdraw guilty pleas.

The defendant next contends that the trial court improperly refused to consider evidence of the defendant's conduct since his incarceration in denying his motion to reduce sentence. The State counters that the trial court could not consider the defendant's motion filed more than 30 days after sentencing and that, in any event, the defendant was not prejudiced by the court's refusal to modify sentence based upon the defendant's conduct since sentencing.

Section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c)) provides that a trial court may reduce or modify a defendant's sentence "by order entered not later than 30 days from the date that sentence was imposed." In *People v. Crete* (1985), 133 Ill. App. 3d 24, 478 N.E.2d 846, the court considered whether this provision should be interpreted literally to require that a motion to modify sentence be ruled upon as well as filed within the 30-day period after sentencing. The court there concluded that the statute by its terms requires that such a motion be both filed and ruled upon within 30 days and held that the trial court properly refused to consider a motion that was filed before the 30-day period had elapsed but that was not set for hearing until more than 30 days after imposition of sentence. In reaching this result, the *Crete* court observed that while a motion for new trial or a motion to withdraw guilty plea filed within 30 days preserves the trial court's jurisdiction to consider the merits of the motion regardless of when the hearing on the motion occurs, the court has no power to rule upon a motion to modify sentence more than 30 days after sentencing.

In the instant case the defendant's motion to modify sentence was neither filed nor ruled upon within the 30-day period required by section 5—8—1(c). The trial court, finding that the defendant had

"made an effort to invoke his rights" by filing his motion to withdraw guilty pleas within 30 days after sentencing, decided to consider the merits of the motion to modify sentence despite its untimeliness. Like the court in *People v. Crete*, however, we believe that section 5—8—1(c) means what it says and that the trial court had no power to consider or rule upon the defendant's motion more than 30 days after sentence was imposed. (See also *People ex rel. Carey v. Rosin* (1979), 75 Ill. 2d 151, 387 N.E.2d 692.) Since the defendant's sentence was not subject to modification at this time, the trial court did not err in denying the defendant's motion to modify sentence.

■ We would note that the defendant's motion to modify sentence did not allege any error or abuse of discretion by the court in sentencing the defendant but sought a reduction of the defendant's sentence based upon allegations of his good conduct since sentencing. Because of the time limitation for ruling upon a motion under section 5—8—1(c), it would not appear that the statute was intended to allow consideration of a defendant's manifested rehabilitation after sentencing as sought by the defendant here. While evidence of the defendants' good conduct since sentencing was found to be appropriate for consideration by the sentencing courts in *People v. Johnson* (1975), 29 Ill. App. 3d 763, 331 N.E.2d 306, and *People v. Odom* (1972), 8 Ill. App. 3d 227, 289 N.E.2d 663, cited by the defendant, in both instances the original sentences had been vacated and the causes remanded to the trial court for resentencing. In the instant case, there was no basis shown for resentencing by the trial court, and it was merely because of the unusual delay in having the defendant's motion to withdraw guilty pleas heard that sufficient time had passed so that the defendant's rehabilitation could be manifested. Since the trial court had originally taken the defendant's potential for rehabilitation into consideration in sentencing the defendant, the fact that such rehabilitation had been shown would not be cause for changing the defendant's sentence. Rather, the defendant's conduct since his sentencing and incarceration would more properly be a matter for consideration by the Department of Corrections in making parole decisions.

For the foregoing reasons, we affirm the judgment of the trial court denying the defendant's motions to withdraw guilty pleas and to modify sentence by reduction.

Affirmed.

KASSERMAN, P.J., and HARRISON, J., concur.